Martin vs. Williams.

ALEXANDER MARTIN, plaintiff in error, vs. MATHEW E. WIL-
LIAMS, defendant in error.

A. sold a tract of land to B., in April, 1831; the deed was recorded in 1840.  A.
    sold the same land to C. in July, 1834 ; this second deed was recorded in 1836.
    *Held*, That the first conveyance would hold, neither having been recorded
    within time.

Complaint, in Terrell Superior Court.    Tried before Judge
KIDDOO, at September Term, 1858.

This was an action of complaint brought by the plaintiff
in error against the defendant in error, for lot of land num-
ber 244, in the third district of originally Lee, but now Ter-
rell county.

Plaintiff introduced in evidence, a grant from the State of
Georgia to one Faulkner, to the aforesaid lot of land, and al-
so several deeds, forming a complete chain of title, begin-
ning with the State, and ending with himself.

Among the deeds so introduced by plaintiff, was one from
Reuben Hill to John Rawls, conveying the land in dispute,
dated " 19th July, 1834," and duly recorded " the 5th day of
May, 1836."

Defendant then introduced in evidence, a deed from the
said Reuben Hill to one Daniel Mahoney, dated " 3d of
April, 1834," and recorded " the 28th day of May, 1840," and
a complete chain of title from Mahoney to defendant.

Here the testimony closed.

The Court charged the jury, that if the foregoing state-
ment of facts was true, they must find for defendant. Where-
upon, plaintiff excepted.

STROZIER ; VASON & DAVIS, for plaintiff in error.

McCAY & HAWKINS, *contra.*

*By the Court.*—LUMPKIN J. delivering the opinion.

The question in this case is this :    A. makes a deed to a

tract of land to B., in April, 1834, which is recorded in 1840. In July, 1834, A. sells the same land to C., who records his deed in 1836. Which vendee will hold the land?

The Act of 1837 declares, that where the same person conveys the same land to different persons, if both deeds are recorded in time, or neither, that the oldest deed shall be preferred. But that Act applies, in terms, only to deeds *thereafter* to be made. Was the law different before 1837? We rather think not.

It is insisted, that under the Act of 1785, in deeds of bargain and sale, enrollment takes place of feoffment with livery of seizin. And that consequently, the youngest deed being first recorded, is entitled to priority. In other words, that registration consummates the conveyance.

But by examining that Act, it will be found that deeds of bargain and sale would only be good under that Act, provided they were recorded within twelve months. Here, two years elapsed between the execution and registration of the junior deed. This argument, therefore, cannot save it, admitting it to be sound.

The Act of 1837 is founded in justice. The oldest vendee, in this case, took his deed three months before the second; and more than two years before the second deed was recorded. What good, by way of notice, is this registration to effect? The second vendee having bought within the twelve months allowed to the elder to record his deed, he is not prejudiced by the failure of the first purchaser to record in time. Had he bought after the expiration of the year, without notice, instead of within three months from the date of the first sale, the equities would have been very different.

Judgment affirmed.

McDonald J. absent.