## No. 9897.

### JOHN W. BLACKMAN VS. JAMES D. HOUSTON, TAX COLLECTOR, ET ALS.

Property used exclusively for a commercial college, such as "Blackman's Commercial College," in New Orleans, is exempt from taxation under Act 207 of the Constitution. The character of such property as used exclusively for school purposes, is not affected or impaired by the fact that the owner thereof, who is the principal of the school and is one of the teachers therein, resides in the building with his family.

Teachers and necessary servants who occupy rooms in a college building on the premises, are necessary adjuncts to such an institution, and the property does not thereby cease to be used exclusively for a college, within the meaning of the Constitution.

APPEAL from the Civil District Court for the Parish of Orleans. *Houston*, J.

*F. L. Richardson* for Plaintiff and Appellee.

*M. J. Cunningham*, Attorney General; *L. O'Donnell*, Assistant City Attorney, and *Jas. C. Moise* for Defendants and Appellants.

The opinion of the Court was delivered by

POCHÉ, J.    Plaintiff's object is to obtain a decree adjudging a house and lot which he owns in this city to be exempt from taxation under the provisions of Article 207 of the State Constitution, on the ground that the property is used exclusively for school purposes.

The defense is a general denial, and the judgment of the district court is in favor of plaintiff, recognizing the exemption claimed.

As the record shows that a portion of the house is occupied as a residence by plaintiff and his family, appellants argue that the property is not exempt from taxation because it is thus shown that the same is not used exclusively for school purposes.

The fallacy of the argument results from a too narrow construction of the article of the Constitution, which exempts from taxation  *  * all buildings and property used exclusively for colleges or other school purposes,  *  *  provided, the property so exempted be not used or leased for purposes of private or corporate profit or income."

The record shows that plaintiff himself is a teacher in his school, which is known as " Blackman's Commercial College," which has an average attendance of fifty scholars, and which employs several assistant teachers.

In their contention appellants appear to entirely ignore or to radically misconstrue the *proviso* which is contained in the article and which is hereinabove transcribed.

It is shown, and we do not understand that it is denied, that the controlling use of that property is for the purpose of " Blackman's Com-

mercial College." Under that showing the exemption applies, even when tested by the rule that exemptions should be strictly construed against the application therefor.

Now, does the fact that one or more teachers employed in the college or school, as indispensable means to carry out the object in view, occupy "certain rooms in the buildings or on the premises thus used, destroy the character of the object to which the property has been destined? The question is answered by the very nature of things and also by the *proviso* which forbids the use of the property so exempted for private or corporate profit or income," but is silent as to any other use which does not bring either profit or income. ·

It stands to reason that a college, with some two or three hundred scholars, who would also be boarders, would not lose its character as being used exclusively for school purposes, because forsooth it would contain rooms for the accommodation of necessary teachers, as well as for the servants required for the preparation of the food of teachers as well as of scholars, and for the performance of other household duties.

It is too plain in our minds for argument that all these incidents are necessary adjuncts to property used exclusively for college purposes.

It would certainly be imprudent, if not dangerous, to leave unoccupied at night, or when classes are not being actually taught, a building used for school purposes in a large city; and the argument which would hold that the occupation of such building by a janitor and his family would destroy or even impair its character as being used exclusively for school purposes, would doubtless find no sanction under the true meaning of the article of the Constitution, or even in reason and common sense.

Is it entitled to more consideration or to greater weight when applied to the owner of the building, who is the principal and one of the teachers of the school kept therein?

This Court has held that the right of exemption from taxation of a "textile fabric" was not affected or impaired by the fact that the owner occupied the same building with his family as a residence. City of New Orleans vs. Arthurs, 36 Ann. 98.

A careful examination of the various provisions contained in the Constitution on the subject of education, will satisfy any observing and impartial mind that the Convention which framed it intended, by all means in its power, to foster and promote education in the State, and that a too narrow construction of the provisions now under consideration, and which was one of the most efficient means adopted

38

for the end in view, would be repugnant to the manifest policy of the Convention on the subject of education.

We note the great reliance placed by appellant's counsel on the case of St. Mary's College vs. Crowl, 10 Kansas 442, which they quote as sustaining the proposition that "the school-house used as a boarding school is not exempt from taxation, as the owner resided therein with his family." Counsel seem to have entirely misunderstood that case, in which the exemption claimed was for a farm of several hundred acres of land, attached to a college, which, with all its appurtenances and grounds covering eighty acres, had never been taxed. The ground of the exemption claimed by plaintiff was that the entire property should be exempt, and the court refused the additional exemption on the ground that some of the products of the lands were sold for income. The exemption clause of the Constitution of Kansas touching the subject of education is about of the same import as the Article 207 of our Constitution. In the case in question the court said : " For the purposes of this case, it may also be conceded that if the property were used exclusively for teaching the Indians agriculture, and for raising food for them and the professors and the necessary stock kept on the farm, it would still be exempt. But when it is used to raise food for stock, not necessary to the farm, and to raise produce to sell, no further concessions in favor of its exemption can be made."

Judgment affirmed.