## WADLEY·LUMBER COMPANY v. LOTT.

1. A deed in the ordinary form of a conveyance in fee simple, with war-
ranty, contained the following clause, immediately after the clause of
warranty: "The above deed conveys the following rights unto the said
Benajah Peterson, his heirs, executors; administrators, and assigns, or
any of them, is to have the above parcel of land again should the said
J. S. Lott offer for sale during his lifetime or at the death of the said
J. S. Lott by paying unto him or his heirs, executors, administrators,
and assigns the above sum of money hereinbefore mentioned ($32.50),
and the said Benajah Peterson hereby binds himself, his heirs, executors,
administrators, and assigns, to pay unto the said J. S. Lott or his heirs,
executors, administrators, or assigns, by the consent of a committee of
three men, the value of any improvement that the said Lott should put
upon said land, when the same is transferred back to the said Peterson."
Construing the deed, Held: (a) The clause above quoted created a condi-
tion subsequent. (b) There would be no breach of such condition unless
the grantee, during his lifetime, offered the land for sale, and refused to

accept from the grantor tender of the amount specified, together with the value of the improvements ascertained, or unless at the death of the grantee his representatives should refuse to accept from the grantor tender of the amount specified, together with the value of the improvements ascertained in the manner provided.  (c) The grantor, in order to reenter as upon breach of the condition, must, as a condition to such reentry, ascertain and tender the amount above referred to.  (d) The grantee should be treated as the owner of the land until re-entry by the grantor as for a condition broken.

2.  In a suit for trespass to land, where a junior deed executed in 1904, and not properly recorded until after commission of the injury complained of, comes in competition with a senior deed executed in 1882, which was never properly recorded, the junior deed takes priority only from and after it is lawfully filed for record, and, with respect to a trespass committed before the junior deed is filed for record, the senior unrecorded deed will prevail.

3.  Where a juror is sought to be impeached after verdict, upon the ground that he was related within the fourth degree of consanguinity to the prevailing party, which fact was not known to the movant or his counsel until after the verdict and discharge of the jury, the court, in passing upon the motion for new trial, will hear evidence upon the ground of impeachment, and its finding against the contention of the movant will not be disturbed, where the evidence, though conflicting, was sufficient to support the finding.

4.  A ground of a motion for new trial, which assigns error upon the exclusion of certain deeds, without disclosing so much of their contents as to enable the reviewing court to determine the relevancy and competency of the rejected evidence, can not be considered.

5.  In a suit for trespass, where title to land is involved, the plaintiff and defendant claiming only under a common grantor, and the defendant not attempting to show independent, paramount, outstanding title to defeat the plaintiff's action, a charge of the court, which in effect instructs the jury that the plaintiff has introduced in evidence a chain of title from the State down to himself through the common grantor, is not a harmful expression of opinion, where the plaintiff holds a deed directly from the common grantor, superior to the deed of the defendant from the same grantor.

6.  In a suit of the character mentioned in the preceding headnote, where the plaintiff relies upon paper title and also upon a theory of prescriptive title, if the evidence is such as to demand a verdict in favor of the plaintiff upon his paper title, without resort to the law of prescription, any error by the court in charging upon the law of prescription will be harmless.

7.  The evidence was sufficient to support the verdict, and there was no error in refusing to grant a new trial upon any ground contained in the motion.

Submitted May 28, 1907.—Decided February 22, 1908.

Trespass.    Before Judge Parker.    Coffee superior court.    October 9, 1906.

This is an action of trespass quare clausum fregit, wherein J. S. Lott sued the Wadley Lumber Company for damages from cutting and converting to its own use timber growing upon lands claimed by Lott. It appears that the defendant claimed title only from B. Peterson under a deed dated January 10, 1904, which was lawfully recorded the 26th day of March, 1906, but not until after the alleged trespass, nor until after the suit was filed. The plaintiff also claimed title under a deed executed by B. Peterson to Lott, dated July 3, 1882, but which was never lawfully recorded. This deed contained the following recital: "The above deed conveys the following rights unto the said Benajah Peterson, his heirs, executors, administrators, and assigns, or any of them, is to have the above parcel of land again should the said J. S. Lott offer for sale during his lifetime or at the death of the said J. S. Lott, by paying unto him or his heirs, executors, administrators, and assigns the above sum of money hereinbefore mentioned ($32.50), and the said Benajah Peterson hereby binds himself, his heirs, executors, administrators and assigns, to pay unto the said J. S. Lott or his heirs, executors, administrators, or assigns by the consent of a committee of three men, the value of any improvement that the said Lott should put upon said land, when the same is transferred back to the said Peterson." Upon the trial a verdict was found in favor of the plaintiff. The defendant moved for a new trial, which was denied, and exception was taken. The other facts sufficiently appear in the opinion.

*J. W. Quincey, Charles T. Roan*, and *F. Willis Dart*, for plaintiff in error. *Levi O'Steen* and *E. D. Graham*, contra.

ATKINSON, J. 1. As a muniment of title necessary to support his action, the plaintiff relied upon the deed to himself from B. Peterson, which contained the recital quoted in the statement of facts. That deed was in the form of an ordinary fee-simple warranty deed, except that it also contained the recital to which reference has already been made. As the plaintiff's right to recover depended upon the sufficiency of this instrument as a conveyance of title, the finding in favor of the plaintiff depended upon the effect of this instrument. It is proper, therefore, under the general grounds of the motion for new trial made by the defendant, to construe the paper in question. The cardinal rule of construction, both at common law and under our code, is, that instruments containing conditions, limitations, and restrictions are to be con-

strued in each case in such way as to carry into effect the intent of the parties as gathered from the instrument as a whole.  Under the Civil Code, §3673, emphasis is laid upon the fact that technical rules of construction are to be disregarded when obedience to such rules would defeat the intention of the parties.  Construing the instrument as a whole, it was manifestly the intention that title to the property should be conveyed to Lott.  If that part of the instrument containing the recital had been eliminated, there could be no question that whatever title B. Peterson held to the property would have passed absolutely to the plaintiff.  By adding the clause which has been recited, conditions were imposed which recognized a conveyance by the preceding part of the deed, but made provision by which, upon the happening of certain events in the future, Peterson would be entitled to a reconveyance of the property or to have the same transferred back.  Such a condition, under the Civil Code, §§3136-7, is clearly a condition subsequent. Before Peterson would be entitled to a reconveyance under any condition, it would be necessary for him to repay the purchase-money, and also the value of any improvements which the defendant should put upon the land, the value to be ascertained according to the manner designated in the deed.  He would be authorized to exercise this privilege in either one of two events:  (a) in the event the defendant should offer the property for sale during his lifetime; (b) upon the death of the defendant.  Neither of these events has happened, and Peterson has never repaid or offered to repay the purchase-money, nor is it insisted that he has a right to ask for a reconveyance.  To all intents and purposes, so far as this deed is concerned, the title conveyed by Peterson is as completely in the plaintiff as it was on the date of the execution of the deed.  In 1 Warvelle on Vendors (2d ed.), 522, it is said: "Where a conveyance of land is made upon a condition subsequent, the fee remains in the grantee until breach of condition and a re-entry by the grantor.  The condition has no effect to limit the title until it becomes operative to defeat it; and the possibility of reverter, which is all that remained in the grantor, is not an estate in the land."  In *Moss* v. *Chappell*, 126 *Ga.* 196, it is said:  "The grantor in a deed containing a condition subsequent, upon the breach of such condition, is not revested with title until there has been an entry."  In 1 Warvelle on Vendors (2d ed.), 523, it is

said: "A covenant, condition, or stipulation inserted in a deed, delivered to and accepted by the grantee, will bind him to a due observance of the covenant or performance of the condition, whenever the same directly relates to the land embraced in the conveyance." See, in this connection, *Atlanta, K. & N. Ry. Co.* v. *McKinney,* 124 *Ga.* 929; Civil Code, §3600. It does not appear that the court erred in its construction of the deed.

2. It appears from the evidence that the plaintiff claimed under the deed which was construed in the first division of this opinion. It was dated July 3, 1882, and was never properly recorded. The defendant claimed under a subsequent deed from the plaintiff's grantor, conveying the sawmill timber standing upon the land, dated January 10, 1904, but not properly recorded until March 26, 1906. Before it was recorded the defendant had entered upon the land and cut and removed the timber, and the suit had been filed. There was a conflict of evidence as to whether the defendant had notice of the prior unrecorded deed to the plaintiff at the time of receiving its deed from the common grantor. The court instructed the jury: "Where two people hold deeds from a common grantor, as in this case, in order for the younger deed to prevail and take priority over the older deed, it must be put on record. A junior recorded deed does take priority over a senior deed which is unrecorded." Error was assigned upon this charge, upon the ground that it was an incorrect statement of law, and was not adjusted to the facts in evidence, and was misleading and calculated to confuse the jury. The charge fails to cover the point, that, although the older deed may not be on record, the junior recorded deed would not prevail if the grantee in the junior deed had notice of the older deed at the time of accepting his grant. But any error upon this point was in favor of the defendant, who held the junior deed, and he can not complain. Aside from this, it is contended that the charge was erroneous for the reason, that, as the older deed was never filed for record after the passage of the act of 1889 (Acts 1889, p. 106; Civil Code, §2778), nor properly recorded, either under the old law (see Code of 1882, §2705) or after the adoption of the Code of 1895 (see Code of 1895, §§2778, 3618), it remained ineffective as against the junior deed by the same grantor to the defendant, who bought without notice of the first deed, although the junior deed was not recorded until after

the alleged trespass had been committed. Under the law as existing prior to the passage of the act of 1889 (Acts 1889, p. 106; Civil Code, §2778), if neither deed had been recorded until after the expiration of one year from the date of its execution, nothing else appearing, the older deed would prevail. *Lee* v. *O'Quin,* 103 *Ga.* 355, and cit.; *Martin* v. *Williams,* 27 *Ga.* 406. But it is insisted that the act of 1889, supra, changed the rule so as to give preference to the junior deed, if taken without notice of the older deed, although the junior deed may not have been recorded. This position is not tenable. The act of 1889 (Civil Code, §2778) must be construed in connection with Civil Code, §3618. These statutes were construed together in the case of *White* v. *Interstate Building Asso.,* 106 *Ga.* 146, and applied to a case which involved a contest between two deeds executed by the same grantor, one executed before the passage of the act of 1889, and the other afterwards. The senior deed was not recorded in the time required by the old law. The junior deed became effective under the new law, and was recorded before record of the senior deed. In construing the statutes the court did not fail to note, that, where the junior deed was entitled to preference over an older unrecorded deed from the same grantor, the junior deed referred to was a recorded deed. See also *Lindley* v. *Frey,* 115 *Ga.* 662. In other cases involving deeds, both of which were executed since the passage of the act of 1889, this court has observed the same particularity in pointing out that the junior deed entitled to preference was a recorded deed. See, among others, *Maddox* v. *Arthur,* 122 *Ga.* 671; *McCandless* v. *Inland Acid Co.,* 108 *Ga.* 618; *Coleman* v. *McLean,* 101 *Ga.* 303. Section 2705 of the Code of 1882 substantially made it a condition that, in order for the junior deed to prevail over a senior unrecorded deed, the junior deed must be recorded, and though changed to some extent, as pointed out in *White* v. *Interstate Building Asso.,* supra, and in *Henderson* v. *Armstrong,* 128 *Ga.* 804, when carried into the Civil Code of 1895, §3618, the provisions still presented the condition that, in order to gain preference, the junior deed must be recorded. These statutory provisions of the law were designed for the protection of innocent purchasers, and the penalty clause was inserted to require the record of deeds. The condition contained in the clause operated as a forfeiture of superiority by an older deed for failure to record, and to

the advantage of the holder of the junior deed, if he should record.. This condition is in derogation of the common law (*Webb* v.. *Wilcher, 33 Ga.* 565), and a forfeiture should not be declared unless demanded by strict construction of the statute creating the condition. The condition, operating as a forfeiture on the one hand and a reward on the other, has been persistently retained in all of the several codes. See Code of 1863, §2667; Code of 1868, §2663; Code of 1873, §2705; Code of 1882, §2705; Code of 1895, §3618. The act of 1889 did not attempt to repeal those laws. That act has been construed to mean that filing for record will take the place of record. *Durrence* v. *Northern Nat. Bank,* 117' *Ga.* 385. But in no instance has it been construed to so amend the previous law as that a junior deed will prevail over a competing senior deed from the same grantor, without being filed for record. The persistence with which the condition to which we have alluded, namely, that, in order for the junior deed to prevail over a senior unrecorded deed, the junior deed taken without notice of the first must be recorded, has been preserved in the statutes, is significant of a legislative intent that no forfeiture of rights under a senior unrecorded deed should arise in favor of the holder of a junior deed so long as the latter deed should remain unrecorded. In matters of this kind it could not be said that the legislature intended that one person in default could claim a forfeiture from another on account of a similar default by such other person. It would certainly not be in harmony with the object of the statute enacted for the purpose of requiring deeds to be recorded. Moreover, the statutes, in so far as they relate to deeds,. are prospective in character. Omitting the matter of notice, as against each other, competing deeds are effective only from and after being filed for record. Such is the clear import of the language of sections 2778 and 3618. Upon consideration of these statutes, we are of the opinion that, in a contest between deeds upon a valuable consideration, from the same grantor, conveying the same property, such deeds, as against each other, where taken without notice, will take priority only from and after the date of lawful record or filing for record, and that neither deed, upon being recorded, will relate back so as to affect the rights of the parties touching the subject-matter of the deed at any time before the deed is filed for record. In the case under consideration, the

deed under which the plaintiff claims, being the older, went into effect under the law which existed prior to the passage of the act of 1889, while the junior deed was not recorded until after the commission of the injury. There was no dispute of the fact that both deeds were executed upon a valuable consideration. There was a conflict of evidence as to whether the defendant, who held the junior deed, had notice of the existence of the senior deed at the time of taking the junior deed. But let it be conceded that the defendant did not have notice of the existence of the senior deed, the latter would prevail. By failure of the defendant to record the junior deed, the condition did not arise, which, under a strict construction of the statutes, was necessary to cause a forfeiture by the holder of the senior deed. The destruction of the timber was complete before the defendant filed its junior deed for record. At the time of the injury title to the property was clearly vested in the holder of the older deed, under the principle announced in *Lee* v. *O'Quin,* supra. Injury by the defendant, while title vested in the plaintiff, completed the tort, and gave a cause of action to the plaintiff whose property had been injured. Under these conditions, the charge of the court was not inapplicable to the case, and furnished no cause for complaint by the defendant.

3. The defendant in his motion for new trial also complained that one of the jurors who tried the case was related within the fourth degree of consanguinity to the plaintiff, and that the relationship was unknown to the defendant or his counsel until after the verdict had been rendered and the jury discharged, and upon that ground, among others, it prayed for the grant of a new trial. Upon the question of relationship, the judge heard evidence from both sides, which was conflicting, and refused to grant a new trial. There was sufficient evidence to support the finding of the judge that no such relationship existed, and his discretion in refusing to grant a new trial upon that ground will not be disturbed. See *Wall* v. *State,* 126 *Ga.* 550.

4. Some of the grounds of the amended motion for new trial relate to objections made to the admission of certain deeds which were introduced in evidence. These grounds can not be considered, for the reason that the documents objected to are not set out, either literally or in substance, in the grounds of the motion,

nor attached thereto as exhibits. See *Spence* v. *Morrow,* 128 *Ga.* 722, and cases cited.

5. Error is assigned upon the following extract from the charge of the court: "Mr. Lott has also introduced in evidence a chain of title from the State down to himself through his grantor, Mr. Peterson." The objection to this charge was that it was an expression of opinion that the effect of the evidence introduced by Lott was to show title in himself. Even if the charge was subject to this criticism, it was harmless, for the reason that it appears from the evidence that both parties claimed through Peterson and not under any title adverse to him, and it does not appear that the defendant relied as a defense upon showing paramount outstanding title.

6. The court also charged the jury upon the law of prescription. Exception is taken to certain portions of the charge upon this subject. Under the rulings announced in divisions 1 and 2 of this opinion, the evidence was of such character as demanded a verdict in favor of the plaintiff upon the strength of his paper title, without resort to the plaintiff's theory of prescription. Consequently any error which the court may have committed while instructing the jury upon the law of prescription was harmless.

7. The evidence was sufficient to support the verdict, and none of the grounds of the motion for new trial complain of such error as will require interference with the discretion of the court in refusing to grant a new trial.

*Judgment affirmed. All the Justices concur, except Holden, J., who did not preside.*