## MAYOR AND COUNCIL OF GAINESVILLE *et al. v.* BRENAU COLLEGE *et al.*

1. A conveyance of land in consideration of the sum of one dollar and in further consideration of specified covenants and conditions, among them the assumption by the grantee of the bonded indebtedness of the grantor upon the land, to become due in the future, and in event the grantee should fail to pay the indebtedness at maturity " said title to said property heretofore granted shall revert to [grantor], . . . and the said [grantee] hereby pledges itself in that event to reconvey said property to said [grantor] or assigns," with restriction upon the right of the grantee to incumber or dispose of the land " conveyed " until the conditions of the deed have been complied with, is a conveyance upon condition subsequent.

(*a*) The possibility of reverter which remains in the grantor is not an estate in land and is not subject to taxation.

2. Buildings erected for and used as a college, incorporated academy, or other seminary of learning, which are exempt from taxation under the Civil Code, § 998, embrace the land upon which such buildings are located and the land adjacent thereto necessary for their proper use, occupancy, and enjoyment.

No. 1815. MAY 11, 1920.

Injunction. Before Judge Jones. Hall superior court. December 1, 1919.

Brenau Association and Brenau College filed an equitable petition to enjoin the sale of certain real estate under an execution for taxes claimed to be due by the City of Gainesville for the year 1918, upon the ground that said property was not subject to taxation by the municipal authorities of Gainesville. The case was tried upon an agreed statement of facts. Brenau Association is a corporation, having a capital stock and power to declare and pay dividends. Brenau College is a corporation, but has no capital stock and no power to declare and pay dividends. Under its charter it has the authority to establish and conduct a college for the education of females, to receive donations for that purpose, to hold such property as may be necessary or expedient for the legitimate execution of the purposes of the corporation, and to appoint a board of trustees for the college. Its charter provides that all the receipts from tuition or otherwise shall be applied exclusively to the maintenance of the institution, and that no profit shall be derived from the operation, business, or property of the college by the corporation or any of its officers or trustees. Brenau College has never and does not now conduct or carry on any of its operations or hold or own any of its property for the purpose of trade or profit, and it has no capital stock and no dividends have been paid to any person whatsoever from the operation or business or property of the corporation.

On October 23, 1917, Brenau Association executed and delivered to Brenau College a deed to a certain tract of land. The granting clause of the deed is as follows: " For and in consideration of the sum of one dollar ($1.00) and in further consideration of the covenants and conditions hereinafter set forth, the said party of the first part has bargained, sold, conveyed, and by these presents does bargain, sell, and convey unto said party of

the second part, forever, in fee simple, but in trust and for the purpose hereinafter set forth, the following described property" (describing the land). The conditions enumerated in the deed are: (1) the property is to be held in trust by the grantee in perpetuity for educational purposes; (2) courses of study must be offered leading to the A. B. degree, and such standards maintained as will admit graduates into the graduate schools of the University of Georgia and institutions of similar grade; (3) the grantee is to assume the payment of the present bonded indebtedness of the grantor upon the property conveyed, amounting to $60,000 principal, with interest at six per centum per annum, as the same matures annually from 1917 to 1926, inclusive; (4) the grantee is to raise an endowment of not less than $200,000 within a period of ten years from the date of the deed, said fund to be held in trust in perpetuity by the grantee, and the interest therefrom to be used in the support of the college, in the discretion of its trustees. The deed contains a covenant that no profit is to be derived from the use of the property by any person or persons, corporation or corporations, but that all income shall be used by the grantee solely for educational purposes including the improvement of the property, payment of salaries of teachers, etc. The deed further provides that in the event the grantee should fail to pay the annual installments of principal and interest due on said bonded indebtedness, or should fail or refuse to raise the endowment of $200,000, then and in that event the " said title to said property heretofore granted shall revert to the said party of the first part [Brenau Association] or its assigns, and said title to said property shall reinvest in the said Brenau Association or its assigns of said reversion, and the said Brenau College hereby pledges itself in that event to reconvey said property to said party of the first part or its assigns." The concluding clause in the deed provides that the grantee shall not create any indebtedness upon the property conveyed, or give, lease, or make any other disposition of the same, without the written consent of the grantor or its assigns, "until and after the conditions of this deed have been fulfilled." The deed, signed by both Brenau Association and Brenau College, was recorded on December 19, 1917. All land described in the deed is used exclusively as a college site by Brenau College, and was so used during the year 1918. The

execution for ad valorem taxes was levied upon a portion of the land described in the deed. Brenau Association has paid all taxes for the year 1918 on all its property except the land described in the deed. Brenau College has in good faith complied with all the covenants, conditions, and obligations assumed by it in the deed from Brenau Association, and is not in default as to any of the same. The court granted the injunction as prayed, and the defendant excepted.

*C. N. Davie,* for plaintiffs in error.

*H. H. Perry* and *W. A. Charters,* contra.

GEORGE, J. (After stating the foregoing facts.) Two questions only are raised by this record, and we deal with them in the order made.

1. It is contended that the effect of the deed from Brenau Association to Brenau College, referred to in the statement of facts, is not to vest the title to the property in Brenau College; that is to say, it is contended that the conditions enumerated in the deed are to be construed as conditions precedent and not as conditions subsequent. Particularly it is insisted that the third condition, the assumption of the indebtedness on the property, is in the nature of a consideration, and hence is a condition precedent. If a condition subsequent, it is conceded that the mere possibility of reverter which remains in Brenau Association is not an estate in land and is not subject to taxation. See *Moss* v. *Chappell,* 126 *Ga.* 196 (54 S. E. 968, 11 L. R. A. (N. S.) 398) ; *Wadley Lumber Co.* v. *Lott,* 130 *Ga.* 135, 138 (60 S. E. 836) ; 1 Warvelle on Vendors (2d ed.), 521. Under the code "An estate may be granted upon a condition, either express or implied, upon performance or breach of which the estate shall either commence, be enlarged, or be defeated." § 3716. The code classifies the conditions as either precedent or subsequent. "The former require performance before the estate vests; the latter may cause a forfeiture of a vested estate. The law inclines to construe conditions to be subsequent rather than precedent." Civil Code, § 3717. It is not always easy to determine whether the condition created by the words of a conveyance is precedent or subsequent. Technical words are not required to create a condition subsequent. *Jones* v. *Williams,* 132 *Ga.* 783, 785 (64 S. E. 1081). The authorities generally agree that the construction must de-

pend upon the intention of the parties as gathered from the whole instrument; and under our Civil Code (§ 4266) technical rules of construction are to be disregarded when obedience to such rules would defeat the intention of the parties. *Wadley Lumber Co.* v. *Lott,* supra. In 2 Washburn on Real Property, § 941, the general rule approved by many courts is quoted as follows: "If the act or condition required do not necessarily precede the vesting of the estate, but may accompany or follow it, and if the act may as well be done after as before the vesting of the estate, or if from the nature of the act to be performed, and the time required for its performance, it is evidently the intention of the parties that the estate shall vest, and the grantee perform the act after taking possession, then the condition is subsequent." An instance usually given of a condition precedent is a grant to A upon his marriage. An instance of a condition subsequent is a devise to B during widowhood, and upon remarriage the estate to vest in testator's children. So also a grant in which the grantor reserves to himself a rent with the right to enter upon default in payment of rent is a condition subsequent. A conveyance of an estate in fee simple, upon condition that the grantee shall pay to the grantor during the time of the natural life of the grantor an annuity of $350, is a condition subsequent. *Denham* v. *Walker,* 93 *Ga.* 497, 498 (21 S. E. 102). A conveyance of land upon consideration of the payment of five dollars cash and "that the said [grantee] for the remainder of his [grantor's] declining days shall take care of . . and provide him suitable clothing and comfortable provisions and bedding, suitable to his circumstances and connections in life, and look after his estate and manage it for the best interest of the estate when he [grantor] was unable to look after it himself, and do all things necessary and proper to be done, and with the same care and attention as though he [grantee] were looking after his own affairs," is a conveyance upon condition subsequent. *Lindsey* v. *Lindsey,* 62 *Ga.* 546. See also *Jones* v. *Williams,* supra; *Winn* v. *Tabernacle Infirmary,* 135 *Ga.* 380 (69 S. E. 557, 32 L. R. A. (N. S.) 512); *Davis* v. *Davis,* 135 *Ga.* 116 (69 S. E. 172); *Wilkes* v. *Groover,* 138 *Ga.* 407, 408 (75 S. E. 353). Construing the instrument as a whole, it was manifestly the intention that the title to the property should vest in Brenau College. The

granting clause set forth in the statement of facts leaves little doubt of the correctness of this conclusion. The conditions imposed recognize a conveyance of the property to the grantee in the deed. This conclusion is strengthened rather than weakened by the restriction on the power of the grantee to encumber the property without the written consent of the grantor, contained in the concluding clause of the deed. See, in this connection, *Harrison* v. *Harrison,* 105 *Ga.* 517 (31 S. E. 455, 70 Am. St. R. 60).

2. The second position of plaintiff in error is that only "the buildings" of educational institutions are exempt from taxation, under the constitution and under the code. The language of the constitution so far as material is that the General Assembly may by law exempt from taxation "all buildings erected for and used as a college, incorporated academy, or other seminary of learning," provided the "property be not used for purposes of private or corporate profit or income." Civil Code, § 6554. The legislature, in exercising the power so conferred upon it, followed the wording of the constitution. Civil Code, § 998. It is said that taxation is the rule and exemption from taxation the exception. The rule of strict construction is invoked, and, strictly construed, it is said that the land upon which the buildings of an educational institution are located is not exempt from taxation. The precise question has not been decided by this court. In *Linton* v. *Lucy Cobb Institute,* 117 *Ga.* 678, 688 (45 S. E. 53), and especially in the concurring opinion of Candler, J., it was assumed that buildings include the ground upon which they are located. In *Brewer* v. *American Missionary Association,* 124 *Ga.* 490 (52 S. E. 804), this court evidently considered that the whole property, buildings and grounds, was exempt from taxation. In *Cassiano* v. Ursuline Academy, 64 Tex. 673, 675, it was decided that the exemption of "buildings" embraced the land upon which the buildings were located. See also Blackman *v.* Houston, 39 La. Ann. 592 (2 So. 193). The opinion by Chief Justice Bleckley in *Trustees etc.* v. *Bohler,* 80 *Ga.* 159, 162, 165 (7 S. E. 633), strongly indicates that the exemption from taxation of an institution "would necessarily carry with it the land covered with the necessary buildings, grounds for recreation, etc., connected therewith and used by the institution. Under the agreed statement of facts, so much of the land of Brenau College as is not

actually covered with necessary college buildings is adjacent thereto and used exclusively as a college campus. We recognize the rule that the statute exempting property from taxation is to be strictly construed. *Brenau Association* v. *Harbison,* 120 *Ga.* 929. (48 S. E. 363, 1 Ann. Cas. 836). We regard the rule as salutary. Nevertheless buildings erected for and used as colleges, incorporated academies, and seminaries of learning are usually permanent in character. In a relative sense they are immovable. When, therefore, so solemn an instrument as the constitution authorizes the exemption of all such buildings, and when the General Assembly in exercising the power so conferred upon it exempts from taxation all such buildings, a construction of the statute consonant with the purpose of the exemption and the settled policy of the State, as reflected by the exempting statute, must be adopted. Buildings will therefore be construed to embrace the land upon which they are located and the land adjacent thereto necessary for their proper use, occupancy, and enjoyment, provided of course "the property be not used for purposes of private or corporate profit or income." We conclude that the court did not err in granting an interlocutory injunction.

*Judgment affirmed. All the Justices concur.*