## RANDALL *v.* HAMILTON.

An unrecorded security deed is postponed to a subsequent purchase by another from the grantor in such deed of the land therein conveyed, prior to its record, and to the title thus acquired by such purchaser, the latter at the time of such purchase receiving from such grantor in possession of the premises a warranty deed thereto, and taking and thereafter retaining possession thereof, although the deed of the purchaser is not recorded until after the record of the security deed.

No. 3763. OCTOBER 12, 1923.

Equitable petition. Before Judge W. E. Thomas. Thomas superior court. April 16, 1923.

*W. J. Hammond,* for plaintiff.

*Louis S. Moore* and *W. W. Alexander,* for defendant.

HINES, J.   On April 24, 1920, Jones conveyed by his deed to Hamilton a certain tract of land to secure a debt of $200, with 8 per cent. interest from date.   This deed recited that it was intended to operate as provided in sections 2771 et seq. of the Code of 1895, which provisions are now found in sections 3306 et seq. of the Civil Code of 1910.   This security deed was recorded on Oct. 9, 1920.   On June 29, 1920, Jones sold the same tract of land to Randall for the sum of $450, and executed and delivered to the latter his warranty deed to these premises.   This deed was recorded on Oct. 8, 1921.   The grantor was in possession of the premises when he made this deed of bargain and sale to Randall, who immediately took possession, which he has ever since kept. Randall was an innocent purchaser from Jones for value, without knowledge or notice of Hamilton's security deed.   This security deed contained a power of sale, which Hamilton was proceeding to exercise.   Thereupon Randall filed his petition to enjoin such sale and to cancel the security deed, on the ground that Hamilton's conduct in keeping his security deed off of the record until after petitioner had purchased said premises from Jones was a fraud on him.   Jones was insolvent when he made his deed to Randall, and is still insolvent.   Hamilton was not sworn as a witness in his own behalf, and gave no explanation of his failure to record his security deed.   His deed was the only evidence he introduced.   There was no evidence, other than his mere failure to record his security deed, that Hamilton acted in bad faith.   At the conclusion of the evidence the court directed a verdict in favor of Hamilton, and to this ruling Randall excepted.

The only question for decision by this court is whether the security deed of Hamilton is superior to Randall's junior deed of bargain and sale, the latter having been executed subsequently to the security deed but prior to its record, but not recorded until after the security deed had been recorded, the common grantor being in possession at the time he executed his warranty deed to Randall, who immediately took and has ever since kept possession of the premises.   It will thus be seen that the competition is between a senior security deed and a subsequent deed of bargain and sale, accompanied with possession, the former not being recorded until after the execution of the latter, which itself was not recorded

until after the record of the security deed. This exact question has not been decided by this court, so far as our investigation discloses. The proper solution of the matter depends upon whether section 4198 of the Civil Code of 1910 is applicable to security deeds. If this section is applicable to this class of deeds, the direction of a verdict for the defendant was proper. That section by its express terms gives priority to junior deeds over unrecorded senior deeds only where the former are recorded. That section declares, that the senior deed "loses its priority over a subsequent recorded deed from the same vendor, taken without notice of the existence of the first." If the junior deed is not recorded, the senior deed prevails. Prior to the registry act of 1889 (Acts 1889, p. 106; Civil Code (1910), § 3320), where there was a contest between two deeds of bargain and sale by the same grantor to the same land to different grantees, and neither deed was recorded within twelve months from the date of its execution, the older deed would prevail. Code of 1882, § 2705; *Martin* v. *Williams,* 27 *Ga.* 406; *Turner* v. *Tyson,* 49 *Ga.* 165; *Wadley Lumber Co.* v. *Lott,* 130 *Ga.* 135 (60 S. E. 836) ; *Davis* v. *Harden,* 143 *Ga.* 98, 100 (84 S. E. 426). The same rule is applicable since the passage of that act. The rule is based upon the fact that record is a necessary condition in order to give priority to the junior instrument. *Wadley Lumber Co.* v. *Lott,* supra.

While the language, " every deed conveying lands," in this section, standing alone, is broad enough to embrace security deeds, we do not think it applicable to security deeds. These deeds are the creatures of statute. Civil Code (1910), § 3306. "Every such deed shall be recorded in the county where the land conveyed lies. . . Such deeds . . not recorded remain valid against the persons executing them, but are postponed to all liens created or obtained, or purchases made, prior to the actual record of the deed. . . If, however, the younger lien is created by contract, and the party receiving it has notice of the prior unrecorded deed, . . or if the purchaser has the like notice, then the title conveyed by the older deed . . shall be held good against them." Here unrecorded security deeds are postponed to purchases made, and not to subsequent recorded deeds. In the instant case the contest is between an unrecorded senior security deed and a purchase made, the latter being evidenced by a warranty deed and ac-

companied by the contemporaneous surrender of possession of the premises by the grantor to the grantee therein. The case comes squarely within the letter and reason of section 3307 of the Civil Code of 1910. The history of the origin and development of section 4198 of the Civil Code of 1910 shows that it refers to deeds of bargain and sale. Section 3307 applies exclusively to security deeds; and define the priority of a purchase made by a purchaser without notice of the prior unrecorded deed. So we are of the opinion that the title of the purchaser, acquired subsequently to the execution of the security deed but prior to its record, without notice of its existence, must prevail over that of the holder of the security deed, although the deed of the purchaser was not recorded until after the record of the security deed. It follows that the trial judge erred in directing a verdict for the defendant.

*Judgment reversed. All the Justices concur.*