Coleman & Company *vs.* Carhart, surviving partner, *et al.*

1. Ordinarily mortgages executed the same day have equal liens on
the mortgaged property, without regard to fractions of a day.
2. But where facts apparent on the faces of the mortgages show that
it was the intention of the parties to give the preference to one
over the others, that lien so preferred will be enforced, though all
were executed the same day.
3. Thus, where one of the mortgages, all given on land for purchase
money, makes no reference at all to any of the others on its face,
and the others on their faces refer to it as already in existence, and
it, so referred to, is made to secure the note first falling due, the
intention of the parties to prefer it, may be gathered from these
facts apparent on the face of the papers.
4. Where the consideration of the first mortgage was money borrowed
to lift the lien of a former older mortgage which covered the entire
land, and that older mortgage was thus satisfied in order that the
subsequent mortgages might take effect free from its encumbrance,
and where previous mortgages, drawn by eminent counsel, express-
ly and in terms making all the mortgages equal in lien on the prop-
erty, were not used but rejected, and these, recognizing the exist-
ence of the first of the series, were used, and where the facts dis-
closed generally by the evidence indicate with great force that the

truth and equity of the case are reached by the verdict and decree, this construction put on the mortgages by the presiding judge will be more readily approved. (Head-notes by the court.)

5. The record in this case was sent up in thirteen parts, none of which were certified. Attached to the front of the bill of exceptions was a certificate that "the within and foregoing parcel contains the original bill of exceptions and complete transcript of the record of said case." The case stood for hearing on the Pataula circuit. Before this was reached, and at the beginning of the argument of cases on the Oconee circuit, counsel for plaintiff in error applied for and obtained the following order: "It appearing to the court that the bill of exceptions and the transcript of the record in this case are not properly certified by the clerk of the superior court of Clay county, on motion, it is ordered that counsel for plaintiff in error have leave to withdraw the same from the files of this court, that the same may be properly certified by said clerk." (Rep.) Judgment affirmed.

October 2, 1884.

JACKSON, Chief Justice.