SIMEON PHILLIPS V. ISAAC C. BISHOP ET AL., APPELLEES, IMPLEADED WITH N. J. PAUL, APPELLANT.

[FILED OCTOBER 26, 1892.]

1. Conveyance of Homestead: ACKNOWLEDGMENTS: CERTIFICATE OF NOTARY: IMPEACHMENT. A certificate of acknowledgment of a deed or mortgage, in proper form, can be impeached only by clear, convincing, and satisfactory proof that the certificate is false and fraudulent.

2. Evidence in this case considered, and *held* insufficient to overcome the officer's certificate and the evidence in favor of the execution and acknowledgment of the instrument.

REHEARING of case reported in 31 Neb., 853.

*Paul & Templin*, and *O. A. Abbott*, for appellant.

*Thompson Bros.*, and *T. T. Bell*, contra.

NORVAL, J.

This is a rehearing of the case reported in 31 Nebraska, at page 853. The action was brought in the court below

by Simeon Phillips to foreclose a mortgage given by Isaac C. Bishop and Ida Bishop, his wife. To the action, N. J. Paul was made a defendant, who filed an answer and cross-petition, praying the foreclosure of a mortgage given by the Bishops, upon the same real estate described in plaintiff's petition, to one A. G. Kendall, and by him transferred to Paul.

To the cross-petition Isaac C. Bishop filed an answer, setting up that one tract of the real estate in controversy was a homestead of less value than $2,000 over and above incumbrances thereon; that the mortgage given to Kendall was never acknowledged by his wife, and was therefore void. He also pleaded usury and payment.

The defendant Ida Bishop answered the cross petition, alleging that the mortgage included the homestead of herself and husband, and denies that she ever acknowledged the mortgage in question, or that she ever signed the same in the presence of the notary public who certified to the acknowledgment, or any other person, or that she ever received any consideration for so doing. To these answers a reply was filed by Paul.

Upon the trial the district court held that the mortgage described in Paul's cross-petition was void as to one of the pieces of property therein described, on the ground that the same was a homestead of a value not to exceed $2,000, and that the wife did not acknowledge the execution of the mortgage. On the former hearing the decision of the trial court was affirmed by this court.

It is perfectly clear that, under the homestead law of this state, a mortgage on the homestead of a married person is void unless the same is executed and acknowledged by both husband and wife. This has been the uniform holding of this court, and a citation of the decisions is unnecessary. It is strenuously urged by appellees that Ida Bishop did not acknowledge the mortgage in controversy. If the proofs establish the proposition to that de-

gree of certainty required to impeach the certificate of the officer certifying to the acknowledgment, then our former decision was right and must stand; otherwise not.

That the mortgage was executed and acknowledged by Isaac C. Bishop before W. L. Thompson, a notary public in and for Howard county, is undisputed. Mrs. Bishop admitted, when upon the witness stand, that she voluntarily signed the mortgage, but claims she did so at her home, and not before the officer. Mr. Thompson, the notary, certifies that she, as well as her husband, acknowledged the instrument before him in the manner provided by the statute. The certificate of the officer being in proper form, although not conclusive of the fact of acknowledgment, is strong and convincing evidence that the wife acknowledged the mortgage. The certificate, of course, can be impeached by proof of fraud or duress, but the evidence must be clear and satisfactory. As a general rule, the unsupported testimony of the party purporting to have made the acknowledgment is insufficient to overcome the officer's certificate. Where, as in this case, the execution of the instrument is admitted, in order to sustain such a defense, the proof must be clear and convincing. (*Insurance Co. v. Nelson*, 103 U. S., 544; *Russell v. Baptist Theo. Union*, 73 Ill., 337; *Marston v. Brittenham*, 76 Ill., 614; *Crane v. Crane*, 81 Ill., 165; *McPherson v. Sanborn*, 88 Id., 150; *Blackman v. Hawks*, 89 Id., 512; *Heeter v. Glasgow*, 79 Pa. St., 79; *Fitzgerald v. Fitzgerald*, 12 Reporter, 720; *Gabbey v. Forgeus*, 15 Pac. Rep. [Ks.], 866; *Bailey v. Landingham*, 53 Ia., 722; *Smith v. Allis*, 52 Wis., 337; *Johnson v. Van Velsor*, 43 Mich., 208.)

Applying the rule above stated to the case at bar, is the evidence sufficient to sustain the defense made by the answer? The evidence is very conflicting. In support of the officer's certificate there is in the record the direct and positive testimony of A. G. Kendall and C. H. Paul, that Mrs. Bishop did execute and acknowledge the mortgage in their

presence in the St. Paul National Bank, before W. L. Thompson, a notary public. Mr. Kendall was at the time cashier of the bank, and Mr. Paul was an employe therein, and signed the mortgage as subscribing witness. The deposition of W. L. Thompson was taken, which, while sustaining his certificate of acknowledgment, was excluded as evidence.

Mr. and Mrs. Bishop each testified that the latter signed the mortgage at their home, about two miles from St. Paul; that she never acknowledged the instrument before the notary, and that she was not in St. Paul at the time the same purports to have been acknowledged, nor for a considerable length of time prior and subsequent to said date. Mr. Bishop further testified that after his wife signed the mortgage he took it to St. Paul, acknowledged it before Mr. Thompson, and delivered it to the mortgagee. Upon the trial both appellant and appellees proved other facts having some bearing upon the question. Appellees introduced witnesses tending to establish an *alibi*—that Mrs. Bishop was not in St. Paul at the time the mortgage purports to have been acknowledged, and appellant produced witnesses, equally as credible, although not so many, who testified that Mrs. Bishop was in the bank on said date. We think the evidence on the part of the appellees is entirely insufficient to overcome the formal certificate of acknowledgment, and the testimony of Mr. Kendall, and the subscribing witness, Mr. Paul, who, so far as the record discloses, are entirely disinterested witnesses. Public policy forbids that deeds and mortgages of real estate, duly authenticated in the mode pointed out by statute, should be set aside except upon clear and convincing proof that the certificate of acknowledgment is false. The presumption is in favor of the certificate, and the burden is upon the party alleging such a defense to prove it.

This court, in passing upon a similar question in *Pereau v. Frederick*, 17 Neb., 117, said: "It is contended on

behalf of the defendant, and we think correctly, that the certificate of the officer taking the acknowledgment must stand against a mere conflict of evidence, whether the instrument was voluntarily signed, acknowledged, and delivered or not, and cannot be impeached except upon proof which clearly shows it to be false and fraudulent."

In *Marston v. Brittenham*, 76 Ill., 611, *supra*, the court say: "To impeach such a certificate, the evidence should do more than produce a mere preponderance against its integrity in the balancing of probabilities—it should, by its completeness and reliable character, fully and clearly satisfy the court that the certificate is untrue and fraudulent."

The supreme court of the United States, in *Young v. Duvall*, 109 U. S., 573, has held that the certificate must stand as against a mere conflict of evidence. We hold, from reason and authority, that the evidence is insufficient to sustain the defense.

We agree with the conclusion of the lower court that the mortgage was given to secure a usurious loan of money, and that after deducting the usurious interest agreed to be paid from the principal sum, there is due appellant from appellee, Isaac C. Bishop, the sum of $4,223.71. The decree of the district court is reversed, and a decree of foreclosure entered in this court for said sum of $4,223.71, with costs of the lower court against appellant, the costs in this court taxed to appellees.

DECREE ACCORDINGLY.

THE other judges concur.