EVA C. BARKER, APPELLANT, v. HENRIETTA E. AVERY ET AL., APPELLEES.

FILED APRIL 11, 1893.   No. 4745.

1. Action to Quiet Title: DEED: FORGERY: EVIDENCE. In an action to set aside a deed as a forgery, the deed, together with a signature of the grantor, which was admitted to be genuine, and received in evidence, were examined through a micro-

scope and the signature of the grantor to the deed *held* to be genuine.

2. ———: ———: ———: ———. The oral testimony tended to prove that the deed was genuine.

3. **Deed**: CERTIFICATE OF ACKNOWLEDGMENT: IMPEACHMENT. Where a deed is acknowledged in due form before a proper officer, it can be impeached only by clear, convincing, and satisfactory proof that the certificate is false and fraudulent.

APPEAL from the district court of Hall county. Heard below before HARRISON, J.

*John E. Kavanaugh* and *Steele Bros.*, for appellant.

*T. J. Doyle* and *W. A. Prince*, contra.

MAXWELL, CH. J.

This is an action to quiet the title to lots 4 and 5, in block 22, in Russell Wheeler's addition to Grand Island. The plaintiff contends that a deed for the above lots, signed in her name and acknowledged before one Gearon, a notary public, is a forgery. This is denied by the defendants. On the trial of the cause the court found the issues in favor of the defendants and dismissed the action. The plaintiff testifies that she did not execute the deed in controversy. The original deed which purports to have been signed and acknowledged by her before a notary public is now before us; also her signature to a petition which is admitted to be genuine. We have examined both signatures with a good microscope, and we are constrained to believe that her name on the deed was written by herself. In addition to this a number of experts were called as witnesses in the court below, who, after comparing the signatures, pronounced the name of the plaintiff on the deed to be her genuine signature. In addition to this testimony, we have the certificate of the notary before whom the deed purports to have been acknowledged. In the case of *Phil-*

*lips v. Bishop*, 35 Neb., 487, it was held that a certificate of acknowledgment of a deed or mortgage in proper form can be impeached only by clear, convincing, and satisfactory proof that the certificate is false and fraudulent. That in our view is a correct statement of the law. The judgment is right and is

AFFIRMED.

THE other judges concur.