BANKING HOUSE OF A. CASTETTER, APPELLEE, v. E. A. STEWART, IMPLEADED WITH BERTHA M. DUKES, APPELLANT.

FILED JANUARY 21, 1904.    No. 13,283.

1. **Appeal: ISSUES.** A cause must be tried upon appeal upon the same issues as in the lower court.

2. **Acknowledgment: IMPEACHMENT.** The evidence to impeach successfully the certificate of acknowledgment of a notary public must be clear, convincing and satisfactory that the certificate is false and fraudulent.

3. ———: NOTARY, INTEREST OF. Under the facts in this case, *held*, that the notary public, who took the acknowledgment to the mortgage foreclosed, was not disqualified by reason of interest.

APPEAL from the district court for Washington county: IRVING F. BAXTER, JUDGE. *Affirmed.*

*Lysle I. Abbott* and *Frank H. Stradling,* for appellant.

*Jefferis & Howell, contra.*

LETTON, C.

This is an action brought by the Banking House of A. Castetter to foreclose a mortgage purporting to be executed by E. A. Stewart and Bertha M. Stewart, his wife, in favor of the plaintiff upon certain real estate in Washington county. A number of parties were made defendants, but the only person complaining of the decree is Bertha M. Stewart. At the trial she applied for leave to file an amended answer, which was refused by the court. She insists that the district court erred in this and,

though admitting that we can not test the correctness of this ruling on appeal, asks us to consider the amended answer as having been filed and the case tried upon the issues raised by it. This we can not do, for, unless appeals are tried upon the same issues as the case is tried upon in the lower court, there is no appeal, but a new controversy.

In the answer, Mrs. Stewart admits that she signed the mortgage, alleges that she was induced to do so by her husband, E. A. Stewart, who had entered into a conspiracy with A. Castetter, the mortgagee, through his employee F. H. Claridge, who was cashier of plaintiff's bank, to deprive her of her homestead and dower right in lot 17, block 27, in the city of Blair, which was her homestead, and that she did not acknowledge the execution of the mortgage to be her voluntary act and deed. That though she did not appear before F. H. Claridge, a notary public, he executed a fraudulent certificate of acknowledgment and affixed the same to the mortgage. That afterwards she was divorced from E. A. Stewart, and by decree of the district court for Washington county she became the owner of the homestead described. She asks that the certificate of acknowledgment be set aside, and that the premises be declared to be her homestead, and the title be quieted in her. A reply was filed admitting the homestead character of the premises, and that F. H. Claridge was related by marriage to A. Castetter, and denying generally all other allegations of the answer. Trial was had, and a decree rendered foreclosing the mortgage.

Under these issues, the only question before us is whether or not there was sufficient evidence before the trial court to sustain its findings that the mortgage was duly acknowledged before a proper officer. There is a sharp conflict in the testimony as to whether or not Mrs. Stewart ever acknowledged the execution of the mortgage. Mr. Claridge, the notary public, and Mr. F. M. Castetter, both testify that Mrs. Stewart acknowledged the mortgage in the bank upon the same day, or the next day after, it bears date, while Mrs. Stewart swears she was not in the

bank during the year 1894. The rule is settled in this state that a certificate of acknowledgment of a deed or mortgage in proper form can be impeached only by clear, convincing and satisfactory proof that the certificate is false and fraudulent. *Pereau v. Frederick,* 17 Neb. 117; *Phillips v. Bishop,* 35 Neb. 487; *Barker v. Avery,* 36 Neb. 599. There was sufficient evidence to justify the finding of the district court that Mrs. Stewart acknowledged the mortgage.

The evidence shows that at the time the mortgage was executed A. Castetter was the owner of a private bank at Blair; that F. H. Claridge was his son-in-law; that he was employed by Mr. Castetter upon a salary, as clerk, and that he acted as manager of the bank; that he signed his name as cashier, and that his name appeared upon the stationery of the bank as cashier. He had no pecuniary interest in the bank, however, except to the extent of his monthly salary. Did his relations to Mr. Castetter, as thus disclosed, disqualify him from acting as a notary public in matters wherein Castetter was interested?

In *Horbach v. Tyrrell,* 48 Neb. 514, the cases in regard to the interest which a notary public must sustain to the parties to an instrument in order to disqualify him to act are collected and reviewed. In that case this court held that the secretary and treasurer of a corporation was not disqualified to take an acknowledgment of a mortgage to the corporation, there being nothing to show that he was a stockholder in the corporation, and further, that whether or not a notary public was disqualified from taking an acknowledgment must be determined from the circumstances of each particular case.

In *Havemeyer v. Dahn,* 48 Neb. 536, it appeared that an acknowledgment had been taken by an attorney at law, who held for collection the claim to secure which the mortgage to which he took the acknowledgment had been given. Since it did not appear that the attorney had any beneficial interest in having the mortgage made, or that the amount of his compensation depended in any manner

upon the mortgage being made, it was held he was not disqualified. In the case at bar the notary had no pecuniary interest whatever in the debt secured by the mortgage, and, under the principles enunciated in the cases cited, he was not disqualified to take the acknowledgment by reason of being an employee of the mortgagee.

We recommend that the judgment of the district court be affirmed.

DUFFIE and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.