### 5915. BARROW *v.* E. TRIS NAPIER COMPANY.

RUSSELL, C. J. 1. A mortgage attested by a notary public who is secretary and treasurer of the corporation to which it is given is not properly executed, and therefore not admissible for record; and a record of such a mortgage is not constructive notice to persons dealing with the mortgagor. *Betts-Evans Trading Co.* v. *Bass,* 2 *Ga. App.* 719 (59 S. E. 8).

2. For the reason stated above, the judgment in favor of the plaintiff in

fi. fa. was not authorized, and the court erred in overruling the motion for a new trial.                    *Judgment reversed.*

DECIDED MAY 7, 1915.

Levy and claim; from municipal court of Macon—Judge Daly. July 11, 1914.

Freeman mortgaged a mare to E. Tris Napiér Company, and, after the mortgage had been recorded, sold the mare to Barrow, who was without actual notice of the mortgage. Afterwards the mortgage was foreclosed, and, when the execution in favor of the mortgagee was levied on the mare, Barrow filed a claim to the property. On the trial of the claim case the foregoing facts appeared in evidence. It further appeared that the notary public who attested the execution of the mortgage was at the time of the attestation the "secretary-treasurer" of the mortgagee; and, because of this fact and for the reason stated in the foregoing decision, the claimant moved that the mortgage be excluded from evidence. This motion was overruled; and the judge (who tried the case without a jury) rendered judgment in favor of the plaintiff. The case came to this court on exceptions to the overruling of the claimant's motion for a new trial, based on the grounds that the judge erred in not sustaining the objections to the mortgage, and that the judgment was contrary to law and to the evidence.

*A. T. Walden,* for plaintiff in error.

*R. L. Williams, Ryals & Anderson,* contra.