HASTEY, executor, v. ROBERTS.

GILBERT, J. 1. A stockholder or officer, though incompetent to take an acknowledgment of a mortgage on realty as a notary, because he is a stockholder or officer of the mortgagee corporation, is not incompetent as a non-official witness to the signature of the mortgage. Peagler v. Davis, 143 Ga. 11 (84 S. E. 59), Ann. Cas. 1917A, 232).

2. Where a mortgage on realty was signed "Trustees North Ga. Col. School (Seal). H. A. Burge, Cor. Sect. (Seal)," it was erroneous to admit the same in evidence on the trial of a claim to the property, over timely objection that "there was no evidence shown where H. A. Burge had any authority to sign any mortgage," the evidence failing to disclose any such authority. Civil Code, § 3570. Glisson v. Weil, 117 Ga. 842 (45 S. E. 221). It was not shown that "Trustees North Ga. Col. School" was incorporated, nor does its name imply such.

(a) Endorsed on the note and mortgage were several names, the last of which was "H. A. Burge with Power of Attorney." The power of attorney is not included in the record. At most this could only indicate an ordinary individual endorsement.

*Judgment reversed. All the Justices concur.*

No. 1396. OCTOBER 15, 1919.

Claim. Before Judge Morris. Cherokee superior court. April 12, 1919.

A. P. Roberts, transferee, foreclosed a mortgage on realty. The mortgage fi. fa. was levied on land described in the mortgage; whereupon J. H. Hastey, executor of the estate of Mary E. Watkins, interposed a claim based on a sheriff's deed purporting to convey the land in dispute to Mary E. Watkins. The sheriff's sale was based on a common-law judgment obtained by Mary E. Watkins against certain named individuals. The claimant also introduced a deed from P. H. Lyons to "Board of North Georgia High School as follows" (naming the same persons against whom Mary E. Watkins had obtained judgment). At the sheriff's sale

the administrator of Mrs. Watkins bought in the property. It was admitted that Roberts was present at this sale and publicly announced that he had a mortgage on the land. The common-law judgment was obtained subsequently to the date of the mortgage. On the trial of the case the judge, by agreement, passed upon the case without the intervention of a jury, and rendered a judgment finding the property subject to the mortgage fi. fa. The claimant made a motion for new trial, based on the ground that the verdict was against the evidence and contrary to law, and because the court erred in admitting the original note and mortgage in evidence. The only objection to the admission of same was on the ground that "there was no evidence shown where H. A. Burge had any authority to sign any mortgage." The motion was overruled, and the claimant excepted.

*E. W. Coleman,* for plaintiff in error.

*John S. Wood* and *George D. Anderson,* contra.