11143.   CITIZENS TRUST COMPANY *v*. BUTLER *et al*.

STEPHENS, J. 1. The attestation of a secretary of a corporation, in his capacity as a notary public, to a bill of sale in which the corporation is the vendee is not sufficient to admit the bill of sale to record. *Barrow* v. *E. Tris Napier Co.*, 16 *Ga. App.* 309 (85 S. E. 267).

2. The bill of sale not having been properly admitted to record, and there being no proof otherwise of its execution, it was properly rejected when offered in evidence by the plaintiff in a suit in trover by the vendee to recover the property therein mentioned.

3. There being no evidence to establish the plaintiff's title to the property sued for a nonsuit was properly granted.

        *Judgment affirmed. Jenkins, P. J., and Smith, J., concur.*
               DECIDED AUGUST 16, 1920.

(Certiorari was granted by the Supreme Court.)

Trover; from city court of Savannah — Judge Freeman. October 30, 1919.

The plaintiff corporation sought to recover in trover certain personal property to which it claimed title under a bill of sale purporting to have been executed to it by the Universal Light & Power Company, to secure a debt. This instrument was attested by two witnesses, one of whom was a notary public; it was dated March 24, 1919, and was recorded April 2, 1919. The notary public was secretary of the plaintiff corporation, and received a

salary from it as such, but was not a stockholder of the corporation, and was not otherwise pecuniarily interested in it. There was no corporate seal on the instrument. When it was offered in evidence the defendants objected to it on the grounds: (1) that the notarial witness was secretary of the plaintiff corporation, the vendee, when the instrument was executed, and therefore was disqualified to attest it, and the record of it was not notice to third persons; and (2) that it did not bear the seal of the corporation by which it purported to have been executed. The court sustained the objections, and, there being no other evidence of title, granted a nonsuit; and the plaintiff excepted to the rulings stated. Counsel for the plaintiff requested the Court of Appeals to review and reverse the ruling in the case of *Barrow* v. *E. Tris Napier Co.* v. *Butler,* 16 *Ga. App.* 309, and contended that it should not be applied where the notary is not a stockholder of the corporation, and on this point cited: 2 *Ga. App.* 721; 1 Corpus Juris, 808, sec. 117; 125 Cal. 320 (57 Pac. 1070); 36 Fla. 575 (18 So. 850); 48 Neb. 514 (67 N. W. 485, 37 L. R. A. 434); 196 Ill. 554 (63 N. E. 1049, 89 Am. St. Rep. 330); 113 Iowa, 216 (84 N. W. 1041); 70 Neb. 815 (98 N. W. 34); 32 Wash. 572 (73 Pac. 680); 1 Am. Dig. (Cen. Ed.), sec. 109, col. 871; 1 Am. Dig. (Decen. Ed.), 195-7, sec. 20 (3); 16 Am. & Eng. Ann. Cas. 141, notes; 23 L. R. A. (N. S.) 1075, 1078; 99 *Ga.* 451 (3, 4); 122 *Ga.* 439-40 (6); 145 *Ga.* 580 (2), 584-5; 6 *Ga. App.* 569-70; 149 *Ga.* 479 (distinguished); 143 *Ga.* 16 (3).

*Anderson, Cann, Cann & Walsh,* for plaintiff.
*George H. Richter,* for defendant.