CITIZENS TRUST COMPANY *v.* BUTLER *et al.*

ATKINSON, J.   1. In this State a secretary of a banking corporation who is not a stockholder therein, or otherwise beneficially or pecuniarily interested in the transaction, is not disqualified from attesting, as an official witness, a deed of conveyance in which the corporation is the grantee; there being no express statute forbidding such officer to act. 1 C. J. 808, § 117; 1 R. C. L. 272, § 44; Cases cited in Note to Ardmore Nat. Bank *v.* Briggs Mach. Co., 23 L. R. A. (N. S.) 1075-1078; Woodland Bank *v.* Oberhaus, 125 Cal. 320 (57 Pac. 1070); Florida Savings Bank &c. *v.* Rivers, 36 Fla. 575 (18 So. 850); Horbach *v.* Tyrrell, 48 Neb. 514 (67 N. W. 485, 37 L. R. A. 434); Ogden B. & L. Assn. *v.* Mensch, 196 Ill. 554 (89 Am. St. R. 330, 63 N. E. 1049); Bardsley *v.* German-American Bank, 113 Iowa, 216 (84 N. W. 1041); Banking House &c. *v.* Stewart, 70 Neb. 815 (98 N. W. 34); Keene Guaranty Sav. Bk. *v.* Lawrence, 32 Wash. 572 (73 Pac. 680); Girard *v.* Null, 90 Neb. 713 (134 N. W. 272.) Analogous cases in this State are those in which an attorney at law for a mortgagee or grantee in a security deed has been held to be a competent official witness to the execution of the paper. *Jones* v. *Howard,* 99 *Ga.* 451 (27 S. E. 765, 59 Am. St. R. 231); *Austin* v. *Southern Home Asso.,* 122 *Ga.* 439 (50 S. E. 382); *Harvard* v. *Davis,* 145 *Ga.* 580 (89 S. E. 740).

(*a*). In *Hastey* v. *Roberts,* 149 *Ga.* 479 (100 S. E. 569), it was said: " A stockholder or officer, though incompetent to take an acknowledgment of a mortgage on realty as a notary, because he is a stockholder or officer of the mortgagee corporation, is not incompetent as a non-official witness to the signature of the mortgage." That case did not involve the power of an official witness to attest the paper, and the record filed in this court shows further that the attesting witness was a stockholder. In the light of the facts, the language of this court above quoted did not amount to a binding ruling that an officer who was not also a stockholder or otherwise pecuniarily interested in the transaction was incompetent as an official witness to the paper.

2. A paper whereby a corporation purported to convey legal title in personal property to a bank as security for a loan of money concluded as follows: " In witness whereof, the said borrower has hereunto set his hand and seal this 24th day of March, 1919." The instrument was

signed: "Universal Light & Power Co., L. D. Wylly, Prest." No corporate or other seal was affixed. The paper was offered in evidence on the trial of a bail-trover proceeding instituted by the bank against a third person claiming a special property in the goods under a transferee of the alleged maker of the paper. In this connection there was evidence tending to show: That the money advanced by the bank on the strength of the security was placed by the bank on deposit to the credit of the corporation (named as maker of the paper); that the corporation had a place of business in the city of Savannah, which was in charge of L. D. Wylly, who was president of the corporation; that the corporation was conducting such business and carried a general account with the bank; that in the course of the business of the corporation, the money advanced by the bank was regularly checked out. *Held*, that even if there was not sufficient proof of specific original authority from the corporation to its president to execute the paper, the corporation, having received the fruits of the loan by checking out the money in the regular course of its business, could not repudiate the act of its president in signing the paper, but would be held to have ratified his act. *Jones* v. *Ezell*, 134 *Ga.* 553 (68 S. E. 303); *Bank of Garfield* v. *Clark*, 138 *Ga.* 798 (2) (76 S. E. 95).

3. Applying the principles stated in the preceding notes, the Court of Appeals erred in affirming the judgment of the trial court excluding the paper from evidence, thus rendering it impossible for the plaintiff to prove title to the property in controversy, and granting a nonsuit.

*Judgment reversed. All the Justices concur.*

No. 2230. SEPTEMBER 15, 1921.

Certiorari; from Court of Appeals. 25 *Ga. App.* 623.

*Anderson, Cann & Cann* and *McIntire, Walsh & Bernstein,* for plaintiff.

*George H. Richter,* for defendants.