## 17274.  WINDER NATIONAL BANK v. HENDRIX.

STEPHENS, J.  1. The following description of personalty, contained in a chattel mortgage, is a sufficiently definite identification of the property, as respects the crops of cotton referred to therein, to constitute notice to a third person of the identity of the crops of cotton as described in the mortgage: "All my crops now growing and under cultivation by me, also my interest in crops of tenants and croppers on W. D. Hendrix farm in Bethlehem district, Barrow county, consisting of about 12 acres in cotton and about 12 acres in corn and about  . .  acres in other products."

2. Where, upon the foreclosure of a mortgage executed July 17, 1924, containing the foregoing description of the property mortgaged, the levy recited that "eight bales of lint cotton in warehouse of W. D. Hendrix in Bethlehem, Georgia," were levied upon as the property of the defendant in execution, evidence adduced upon the trial of a claim to the property, filed by a third person, that two bales of the cotton levied upon were made by the mortgagor on the farm of W. D. Hendrix in Bethlehem district, Barrow county, during the year 1924, and that the remainder of the cotton levied upon belonged to the claimant and was not covered by the mortgage, constituted sufficient data from which two of the bales of cotton levied upon could be identified as the cotton raised upon the W. D. Hendrix farm and covered by the mortgage.

3. An officer,—as the president,—of a corporation is competent as a nonofficial attesting witness to the mortgagor's signature to a mortgage on personalty executed to the corporation as mortgagee.  *Hastey* v. *Roberts*, 149 *Ga.* 479 (100 S. E. 569); *Peagler* v. *Davis*, 143 *Ga.* 11 (3) (84 S. E. 59, Ann. Cas. 1917A, 232).

4. Where, upon the trial of such a claim case, it appeared from the record of the mortgage in the office of the clerk of the superior court, admitted in evidence, that the execution of the mortgage was attested by a person as a nonofficial witness, and that the affidavit probating the execution of the mortgage was made by the witness before an officer authorized to administer oaths, the mortgage appeared to be legally entitled to record, and such record was sufficient to constitute constructive notice of the mortgage.

5. Applying these rulings to the evidence adduced, it appears that the claimant purchased the property with constructive notice of the mortgage, and that the evidence at least authorized, if it did not demand, a verdict in favor of the plaintiff in fi. fa., finding the two bales of cotton, produced by the defendant in execution upon the W. D. Hendrix farm during the year 1924, subject to the execution; and the trial judge erred in directing a verdict for the claimant.

*Judgment reversed.  Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 10, 1927.

Levy and claim; from Barrow superior court—Judge Stark. February 5, 1926.

*J. C. Pratt,* for plaintiff.    *G. A. Johns,* contra.

Chattel Mortgages, 11 C. J. p. 468, n. 35, 36; p. 479, n. 94 New; p. 510, n. 68; p. 538, n. 32; p. 539, n. 36; p. 725, n. 45; p. 728, n. 97 New.