WORLEY *v.* PLANTERS COTTON OIL COMPANY.

No. 10303.    JANUARY 16, 1935.

*W. C. Smith* and *C. A. Christian,* for plaintiff.
*Steve F. Mitchell,* for defendant.

HUTCHESON, Justice.    Mrs. E. L. Worley filed a petition for injunction against the Planters Cotton Oil Company. The facts alleged are substantially as follows: E. F. Worley (husband of the plaintiff) and Mrs. L. B. Lang executed a security deed to the Planters Cotton Oil Company, dated April 28, 1931, and recorded May 9, 1931. E. F. Worley and L. B. Lang executed a security deed to the same grantee, dated August 11, 1931, and recorded August 13, 1931.    Each of said deeds conveyed the same property, and were given to secure indebtedness due by grantors to grantee. Mrs. E. L. Worley received a duly executed warranty deed from her said husband, conveying this same property, dated September 22, 1932, and recorded October 25, 1932.    On June 21, 1932, an agreement was entered into between E. F. Worley and L. B. Lang and the Planters Cotton Oil Company, reciting that it was made to extend the two security deeds already described, for an indebtedness of $5100.    This instrument was duly witnessed, and was recorded on June 24, 1932.    The Planters Cotton Oil Company undertook to exercise the power of sale contained in its security deeds,

and the plaintiff sought an injunction to restrain the sale, alleging that she bought the property from her husband and paid an adequate consideration therefor; and that the security deeds were not and never had been notice to her, because they were witnessed by J. W. Lang, notary public, who was pecuniarily interested in the property and in the transaction. Upon the trial the court directed a verdict in favor of the defendant, and the plaintiff excepted.

The five grounds of error assigned in the motion for new trial deal with the question whether or not the security deeds were officially witnessed by a party at interest, and were nugatory as constructive notice to any party dealing with their subject-matter. "A deed to lands in this State must be in writing, signed by the maker, attested by at least two witnesses, and delivered to the purchaser, or some one for him, and be made on a valuable or good consideration. The consideration of a deed may always be inquired into when the principles of justice require it." Code (1910), § 4179. It has been held that, as between the two parties, a deed is valid though attested by but one witness. *Downs* v. *Yonge,* 17 *Ga.* 295. But the requirement as to two witnesses is to be taken to apply to a perfect deed which on recordation will be constructive notice to all the world. *Gardner* v. *Moore,* 51 *Ga.* 268, 269. We agree with counsel for the plaintiff that if the official witness, J. W. Lang, was pecuniarily interested in the transaction, the papers were not entitled to record. *Southern Iron & Equipment Co.* v. *Voyles,* 138 *Ga.* 258 (75 S. E. 248, 41 L. R. A. (N. S.) 375, Ann. Cas. 1913D, 369). And of course, if not entitled to record, the instruments were not constructive notice to anybody. *Donalson* v. *Thomason,* 137 *Ga.* 848 (74 S. E. 762). We must, however, go a step further and ascertain whether or not such pecuniary interest did in fact exist at the time of execution of the paper; as this is a vital element. In *Barrow* v. *E. Tris Napier Co.,* 16 *Ga. App.* 309 (85 S. E. 267), it was said by Mr. Chief Judge Russell, of the Court of Appeals (now Chief Justice of this court) : "A mortgage attested by a notary public who is secretary and treasurer of the corporation to which it is given is not properly executed, and therefore not admissible for record; and a record of such a mortgage is not constructive notice to persons dealing with the mortgagor." But this ruling should not be confused with the ruling laid down by this court, as follows: "The secretary and manager of a corporation, who owns

no stock in the corporation and is not otherwise beneficially or pecuniarily interested therein, is qualified to witness an instrument of writing to which the corporation is a party." *Farmers Warehouse Co.* v. *First National Bank,* 152 *Ga.* 262 (109 S. E. 900). See also *Citizens Trust Co.* v. *Butler,* 152 *Ga.* 80 (108 S. E. 468), and cit. It is true that the evidence shows that on April 28, 1931, a security deed was executed by L. B. Lang and E. F. Worley to the Planters Cotton Oil Company, to secure an indebtedness of $3500, and that corresponding therewith there appears a "cash journal voucher No. 271," which is dated April 30, 1931, showing a credit of $1000.00 on a certain note of "L. B. Lang, J. W. Lang, and E. F. Worley," and there is evidence to show that "L. B. Lang, J. W. Lang, and E. F. Worley" were at times indebted to the Planters Cotton Oil Company in large amounts; but the above renewal transaction would demand the finding that upon the execution of the renewal papers J. W. Lang was released from liability. This transaction, together with the above rule of law that to render the recordation of an instrument nugatory, in so far as notice to the public is concerned, there must appear some pecuniary interest of the subscribing witness at the time of the execution of such instrument, convinces us that only one verdict could have been authorized; and therefore the trial court did not err in directing the verdict.

*Judgment affirmed. All the Justices concur, except Atkinson, J., disqualified.*