35907.   FOURTH NATIONAL BANK OF COLUMBUS *v.*
HOWELL, Sheriff, *et al.*

DECIDED OCTOBER 17, 1955—REHEARING DENIED NOVEMBER 4, 1955.

*Foley, Chappell, Kelly & Champion, Kenneth M. Henson,* for plaintiff in error.

*E. F. Howell, Sheriff, Swift, Pease, Davidson & Champion, Hatcher, Smith & Stubbs, W. M. Page,* contra.

GARDNER, P. J. ■ As to whether or not a notary public is disqualified as a witness to a bill of sale because he is a corporate officer, counsel for the plaintiff cite *Barrow* v. *E. Tris Napier Co.,* 16 *Ga. App.* 309 (85 S. E. 267), wherein Judge Russell, speaking for the court, held that a secretary and treasurer of a corporation cannot render a mortgage properly executed when such officer witnesses the instrument as a notary public. The Supreme Court held in *Worley* v. *Planters Cotton Oil Co.,* 180 *Ga.* 81 (178 S. E. 289) as follows: "In *Barrow* v. *E. Tris Napier Co.,* 16 *Ga. App.* 309 (85 S. E. 267), it was said by Mr. Chief Judge Russell, of the Court of Appeals (now Chief Justice of this Court): 'A mortgage attested by a notary public who is secretary and treasurer of the corporation to which it is given is not properly executed, and therefore not admissible for record; and a record of such mortgage is not constructive notice to persons dealing with the mortgagor.' But this ruling should not be confused with the ruling laid down by this court as follows: 'The secretary and manager of a corporation, who owns no stock in the corporation and is not otherwise beneficially or pecuniarily interested therein, is qualified to witness an instrument of writing to which the corporation is a party.' *Farmers Warehouse Co.* v. *First National Bank,* 152 *Ga.* 262 (109 S. E. 900). See also *Citizens Trust Co.* v. *Butler,* 152 *Ga.* 80 (108 S. E. 468), and cit." In the *Citizens Trust Company* case the Supreme Court said: "1. In this State, a secretary of a banking corporation who is not a stockholder therein, or otherwise beneficially or pecuniarily interested in the transaction, is not disqualified from attesting, as an official witness, a deed of conveyance in which the corporation is the grantee; there being no express statute forbidding such officer to act. [Citing 1 C. J. 808, sec. 117 and authorities from other jurisdictions]. Analogous cases in this State are those in which an attorney at law for a mortgagee or grantee in a security deed has been held to be a competent official witness to the execution of the paper. *Jones* v. *Howard,* 99 *Ga.* 451 (27 S. E. 765, 59 Am. St. R. 231); *Alston* v.

*Southern Home Asso.,* 122 *Ga.* 439 (50 S. E. 382) ; *Harvard* v. *Davis,* 145 *Ga.* 580 (89 S. E. 740).

"(a) In *Hastey* v. *Roberts,* 149 *Ga.* 479 (100 S. E. 569), it was said: 'A stockholder or officer, though incompetent to take an acknowledgment of a mortgage on realty as a notary, because he is a stockholder or officer of the mortgagee corporation, is not incompetent as a non-official witness to the signature of the mortgage.' That case did not involve the power of an official witness to attest the paper, and the record filed in this court shows further that the attesting witness was a stockholder. In the light of the facts, the language of this court above quoted did not amount to a binding ruling that an officer who was not also a stockholder . . . was incompetent as an official witness to the paper." That case reversed the Court of Appeals in *Citizens Trust Co.* v. *Butler,* 25 *Ga. App.* 623 (103 S. E. 852) in which the Court of Appeals based the decision entirely on *Barrow* v. *E. Tris Napier Co.,* supra, although the Court of Appeals had been specifically requested to review and reverse the *Barrow* case. We construe the ruling of the Supreme Court to effectually abolish the ruling in *Barrow* v. *E. Tris Napier Co.,* supra. See also *First National Bank of Cartersville* v. *State Mutual Life Ins. Co.,* 163 *Ga.* 718 (137 S. E. 53, 51 A.L.R. 1524).

In view of the above authorities and many others not cited here, we hold that a vice-president of a bank who is not a stockholder therein is not disqualified in his capacity as a notary public to attest a bill of sale to which the bank is a party.

■ Counsel for the plaintiff argues that priority of record among three recorded bills of sale to secure debt executed by the same vendor conveying the same property to three separate bona fide vendees, each taken without notice of the other, where it is unknown which of the three bills of sale to secure debt was executed first in point of time, gives no priority of right, but the said bills of sale to secure debt, in competition with each other, stand equal in priority regardless of priority of record, and share a fund derived from the sale of the hypothecated property according to their respective equities. Counsel for the plaintiff cites *Russell* v. *C. D. Carr & Co.,* 38 *Ga.* 459, in support of this contention. In that case the court said: "Two mortgages executed on the same day are of equal date, and if both are recorded in

time, are entitled to share prorata in a fund not sufficient to satisfy them both." At page 462 of the same decision the court said: "The registry laws and other positive legislation provide for preferences and priorities between liens when there is no transfer of possession." This case was decided in 1868. *Coleman & Co.* v. *Carhart,* 74 *Ga.* 392, cited by the plaintiff, was decided in 1884. In that case each mortgagee knew of the execution and delivery of the mortgages to the others, at the time. This is not true in the case at bar. Priorities were determined by statute in Georgia in 1889 (Ga. L. 1889, p. 106). It is codified as Code § 67-2501 which reads as follows: *"When instruments requiring record take effect.*—Deeds, mortgages, and liens of all kinds, which are required by law to be recorded in the office of the clerk of the superior court, *shall,* as against the interests of third parties acting in good faith and without notice, who may have acquired a transfer or lien binding the same property, *take effect only from the time they are filed for record in the clerk's office.* The said clerk shall keep a docket for such filing, showing the day and hour thereof, which docket shall be open for examination and inspection as other records of his office." (Italics ours.) The two cases immediately hereinabove cited are not applicable after the passage of the Act of 1889 if for no other reason. In *Mitchell* v. *West End Park Co.,* 171 *Ga.* 878 (156 S. E. 888), the priority of recording was not recognized in that the deed to secure debt between the buyer and the seller contained an agreement whereby the buyer was required to erect houses on the two lots purchased, and in the same instrument the owner agreed to subordinate his deed to secure debt to a deed to secure debt in order to obtain money to build the houses. The purchaser did borrow such money with the knowledge and consent of the owner. That deed was recorded subsequent to the deed held by the original owners. The court stated that in such event the deed to secure debt given in order to build the houses, such deed being given with the consent of the owners of the first deed (which deed was recorded first and contained the special stipulation hereinabove mentioned), would have precedence over the original owner's deed to secure debt. That case is not authority for reversal of the instant case. *Donovan* v. *Simmons,* 96 *Ga.* 340 (22 S. E. 966), reads in part as follows:

"The danger of a failure to record a deed is the exposure of it to defeat by a subsequent vendee without notice of the prior purchase. The only change made in the law by the Act of 1889, so far as deeds are concerned, is to fix their time of going into effect and becoming operative relatively to the interests of certain persons. The first section of the act declares, 'that deeds, mortgages and liens of all kinds, which are now required by law to be recorded in the office of the clerk of the superior court of each county within a specified time, *shall, as against the interest of third parties acting in good faith and without notice, who may have acquired a transfer or lien binding the same property, take effect only from the time they are filed for record in the clerk's office?*" (Italics ours.) It appears that this case is avocative to the contentions of the plaintiff and rather supports the contentions of the defendants. Such is likewise true of *Dix* v. *Wilkinson*, 149 *Ga.* 103 (99 S. E. 437), and *Caldwell* v. *Northwest Atlanta Bank*, 194 *Ga.* 370 (21 S. E. 2d 619). The record does not reveal which lien was given first in the instant case, and all parties agree that such fact was not known. At any rate, this is immaterial. The Supreme Court said in *Michael* v. *Poss*, 209 *Ga.* 559 (74 S. E. 2d 742): "A junior deed, properly recorded, taken without notice of an unrecorded senior deed from the same vendor and for a valuable consideration, has priority over such unrecorded senior deed." Code § 29-401 deals exclusively with deeds conveying land. Code § 29-413 deals with bills of sale to personalty. Under either Code section, recording is necessary to give constructive notice. Counsel for the defendant cites a case which is rather expressive of the principles of law many times decided and which we are here deciding again, i.e., *Wadley Lumber Co.* v. *Lott*, 130 *Ga.* 135, 141 (60 S. E. 836), wherein the Supreme Court said: *"Omitting the matter of notice, as against each other, competing deeds are effective only from and after being filed for record.* Such is the clear import of the language of sections 2778 and 3618. [Now §§ 67-2501 and 29-401.] Upon consideration of these statutes, we are of the opinion that, in a contest between deeds upon a valuable consideration, from the same grantor, conveying the same property, *such deeds, as against each other, where taken without notice, will take priority only from and after the date of lawful record or*

*filing for record,* and that neither deed, upon being recorded, will relate back so as to affect the rights of the parties touching the subject-matter of the deed at any time before the deed is filed for record." (Italics ours.) The same principle of law applies to bills of sale. *Manchester Motors, Inc.* v. *Farmers & Merchants Bank of Manchester,* 91 *Ga. App.* 811 (87 S. E. 2d 342), is not applicable, since there a mechanic's lien and a bill of sale were involved.

■ In our opinion the above answers all questions properly before this court in this case. All other questions propounded by counsel for the plaintiff are included in divisions 1 and 2 above, and in the last paragraph of this decision. It is, indeed, regrettable that in some instances our laws, dictated by expediency and formulated to help the masses, sometimes seem uninspired to the few who suffer as some of the litigants here involved must suffer. However, if one studies law day by day one marvels that there are so few who could not be aided by legal compendium as developed by statute and decisions of the appellate court.

The trial court issued the following judgment of distribution: "Judgment of distribution: Pursuant to stipulation of the parties, the above-styled matter regularly came on to be heard before me on June 24, 1955, all parties appearing and being represented by counsel, at which time an agreed stipulation of facts was made a matter of record, and further proceedings were continued until July 1, 1955. On said latter date, argument of counsel was heard and taken under advisement. After full consideration of all matters and issues presented by said facts and arguments of counsel, it is ordered, that the fund of $2,610.00 in the hands of the defendant, E. F. Howell, Sheriff, be paid by said officer to the claimant, Columbus Bank & Trust Company, after deducting from said fund the sum of $28.50 costs of this money-rule proceedings, and the further sum of $69.12, representing the sheriff's costs and fees incident to the levy and sale whereby said fund was raised by said officer, leaving a balance of $2,512.38 which said officer is hereby ordered to pay forthwith to said Columbus Bank & Trust Company. In open court, this July 28th, 1955. [Signed] Hubert Calhoun, Judge pro hac vice, Muscogee Superior Court." We adopt this judgment of distribution as

correct except that it appears from the record that the unearned interest included in the note of Thomason should cease to accrue to the benefit of the Columbus Bank & Trust Company after the payment of the principal by the sheriff to the Columbus Bank & Trust Company. Therefore, it is directed that the principal sum of $2,077.68, plus interest to the date the money is paid by the sheriff, be paid to the Columbus Bank & Trust Company and the balance be paid by the sheriff to the Fourth National Bank of Columbus, that lien having been on March 5, 1955, thus being second in priority of recording of liens against the undistributed funds in the hands of the sheriff.

The record reveals that the attorneys' fees claimed by the parties at interest did not accrue until after the fi. fas. had issued, and only by amendment.

The record reveals that the insurance premium was paid by Thomason out of the loan procured from the Columbus Bank & Trust Company. The said bank is not obliged to account for the amount of unearned premiums with the insurance company.

*Judgment affirmed with direction. Townsend and Carlisle, JJ., concur.*