## LINDLEY v. FREY, administrator.

Where in 1890 one made a deed to land to one person and subsequently made a deed to the same land to another person who took it without notice of the former deed and had it recorded prior to the record of the former deed, the second deed, under the Civil Code, §§ 2778, 3618, has priority over the first.

Submitted May 1, — Decided June 7, 1902.

Complaint for land. Before Judge Janes. Douglas superior court. August 21, 1901.

*W. A. James*, for plaintiff in error.

SIMMONS, C. J. Frey, as administrator of Morse, brought complaint for land against Charles Lindley. Upon the trial of the case the plaintiff introduced a deed from Mack Lindley, conveying the land in dispute to Morse, executed January 23, 1890, and recorded in the office of the clerk of the superior court November 19, 1900. He showed his authority as administrator, proved the value of the premises for rent, and closed. The defendant introduced a deed to the same land, executed in 1876, from A. H. S. McEwen to A. D. McEwen ; a deed to the land from A. D. McEwen to Mack, Charles, Moses, Virgil, and James Lindley, dated in 1883, and recorded May 7, 1900 ; also deed from Mack Lindley to defendant, conveying a one-fifth interest in the same land, dated July 28, 1891, and recorded May 7, 1900. The defendant testified that when he purchased and paid for a one-fifth undivided interest from his brother Mack he had no knowledge or notice that the latter had sold the land to any one else. There was no evidence to contradict this statement. The court directed the jury to find for the plaintiff a one-fifth interest in the land in dispute, and mesne profits. A verdict was returned accordingly, and judgment entered thereon. The defendant excepted to the direction of the verdict.

We think the judge erred in directing a verdict for the plaintiff. In doing so he was evidently controlled by the old law upon the subject of the registration of deeds. Before the passage of the act of 1889 and the adoption of the present code, the law was that the grantee of a deed should record it within twelve months from its execution. If the deed was not recorded within that time and another deed was made by the same vendor to a different vendee and recorded in time, the younger deed prevailed. But if neither deed

was recorded within a year, the older took precedence. The legislature changed this rule by the act of 1889 (now Civil Code, § 2778), and by the change made in section 3618 of the Civil Code. It will be seen, by a reference to section 2778, that of two deeds to the same tract of land, made by the same grantor to different parties, the younger, if it be recorded before the older and was taken in good faith and without notice of the older, takes precedence. It will also be seen that the codifiers made a corresponding change in section 3618. Prior to the present code this section (2705 of the Code of 1882) required that a deed should be recorded within one year from its execution. These words were omitted from the present code section, which declares that "The record may be made at any time, but such deed [the older and unrecorded deed] loses its priority over a subsequent recorded deed from the same vendor, taken without notice of the existence of the first." The record in this case clearly shows that the grantee in the younger deed took that conveyance without notice of the plaintiff's older deed, and that the younger deed was recorded some six months before the older deed was filed for record. Under this section of the code the younger deed took priority over the older, and it was error to direct a verdict for the plaintiff. Under the facts appearing, the verdict should have been directed for the defendant.

*Judgment reversed. All the Justices concurring, except Lewis, J., absent.*