DIX *et al. v.* WILKINSON.

1. A senior unrecorded deed loses its priority over a junior recorded deed for value from the same vendor, taken without knowledge or notice of the existence of the senior deed. To destroy the title of a purchaser for value, acquired by prior registry, it is essential that the purchaser should have notice of a prior subsisting outstanding title.
2. Possession of land is notice of whatever right or title the occupant has; but in addition to other essential elements of possession, it must be present, visible, and open.
3. The possession relied upon in this case to prove notice is held insufficient for that purpose.

No. 1073. MAY 14, 1919.

Cancellation of deed. Before Judge Terrell. Troup superior court. July 1, 1918.

*Moon & Davis* and *E. C. Armistead,* for plaintiffs in error.
*A. H. Thompson* and *D. J. Gaffney,* contra.

GEORGE, J. This was a suit by Hilliard Wilkinson against William Dix and Miles Wilkinson, to cancel a deed. The controversy relates to a tract of land of one and a quarter acres in LaGrange,

Ga.  Plaintiff and defendants claim title under Amanda Wilkinson, who it is admitted was seized in fee of the premises.  Plaintiff's deed was executed on April 7, 1915, but was not recorded until January 9, 1917, after the death of the grantor.  It recited a consideration of "love and affection and for many acts of kindness and for provisions to as much [as] the deed premises are worth and five dollars."  Defendants' deed was executed on August 23, 1915, and recorded on August 25, 1915.  It contained a warranty of title, and recited a consideration of "five and no/100 dollars and natural love and affection and support for the remainder of the life of Amanda Wilkinson," and expressly reserved to the grantor a life-estate in the premises.  The verdict was for the plaintiff.  The defendants' motion for a new trial was overruled, and they excepted.

The single question presented by the record is whether the evidence authorized the verdict.  Both deeds, by their terms, are deeds of bargain and sale.  *Martin* v. *White,* 115 *Ga.* 866 (42 S. E. 279); *Hall* v. *Mayor &c. of Calhoun,* 140 *Ga.* 611(2), 612 (79 S. E. 533).  They were such according to the proof.  Section 4198 of the Civil Code (1910), relating to the registry of deeds, provides: "The record may be made at any time, but such deed loses its priority over a subsequent recorded deed from the same vendor, taken without notice of the existence of the first."  The code postpones an unregistered deed only as against a subsequent purchaser in good faith and for a valuable consideration.  The junior deed was first recorded; it therefore takes precedence, if made upon a valuable consideration and taken without notice, over the senior unrecorded deed from the same grantor.  *Lindley* v. *Frey,* 115 *Ga.* 662 (42 S. E. 79); *Wadley Lumber Co.* v. *Lott,* 130 *Ga.* 135, 140 (60 S. E. 836).  As already indicated, the evidence shows unequivocally that the grantees in the junior deed were purchasers for value.  There is no proof that they, at or before the purchase, had actual knowledge of the conveyance to the grantee in the senior deed, or of the existence of any outstanding title adverse to the title which they acquired by virtue of their purchase and deed.  The common grantor was in the actual possession of the land, that is, she lived in the only house on the lot at the time of the execution of the deeds, both to the plaintiff and the defendants.  The grantee in the senior deed relies upon his alleged possession

to carry notice to the grantees in the junior deed. The evidence on that question is as follows: Immediately upon the execution of the senior deed, the grantee insured the dwelling-house, paid the premiums, and rented "the pastures" around the dwelling-house to tenants who paid the rent to him. There is no proof that the tenants were using "the pastures" for any purpose at the time of the execution of the junior deed. The possession of land, declared by section 4578 of the Civil Code to be notice of whatever right or title the occupant has, is actual, open, notorious occupancy as opposed to mere secret or clandestine possession. One who can see and yet will not see is voluntarily ignorant, and voluntary ignorance is no ground for relief in equity. However, the purchaser of land can not be affected by a possession which he, in the full exercise of his normal faculties, is unable to observe. See, upon the general question, *Manning* v. *Manning,* 135 *Ga.* 597(3), 601 (69 S. E. 1126); Wade on Notice (2d ed.), § 288 et seq.; 1 Warvelle on Vendors (2d ed.), § 271 et seq. The vendor did not pay rent to the first grantee, but recognized his title. It is insisted that her possession was the possession of her vendee. The possession of the vendee is generally adverse to the vendor. As between the vendor and the vendee her possession was of course his possession. However, the vendor was clothed with the apparent legal title, and was in the actual and exclusive possession of the premises. The doctrine that possession is notice of whatever right or title the occupant has is really a rule of equity, and grows out of the equitable doctrine of notice. Whatever is sufficient to put a party upon inquiry is good notice of everything to which it is afterwards found such inquiry if diligently prosecuted might have led. The rule of equity is the rule at law, and is applicable in the construction of our registry acts. The doctrine of notice, as generally recognized, turns on the question of fraud. Fraud, or mala fides, is the ground upon which courts proceed in dealing with cases of notice. If one purchases land with knowledge or notice that the title is in another, though unrecorded, derived from the party from whom he is purchasing, it is a fraud in him to take advantage of the want of registry to defeat the outstanding title by taking a conveyance to himself. His deed, by reason of the fraud, will not prevail over the senior unrecorded deed. See, upon the general question, 2 Kent's Com. 171-2; 1 Story's Eq. Jur. 397;

Holmes *v.* Stout, 10 N. J. Eq. 419; Tuttle *v.* Jackson, 6 Wend. 213 (21 Am. D. 306); Le Neve *v.* Le Neve, 3 Atk. 646, 2 Lead. Cas. Eq. 35; Kettlewell *v.* Watson, 21 Ch. D. 705.

Upon what principle can the doctrine of notice be here applied? Amanda Wilkinson was seized in fee of the premises; there was no visible and open possession of any part of the premises adverse to her claim of title. The vendees in the junior deed offered to buy her title. She executed to them a deed warranting the title. An application of the doctrine of notice agreeably to the contentions of the defendant in error would, in the circumstances of this case, amount to a subversion of it. Possession which could only deceive and mislead the most prudent man would thereby be made to serve as notice of the outstanding title of the grantee in the senior unrecorded deed. A visible state of things inconsistent with a perfect right in the person who purposes to sell is the foundation of the duty to make inquiry. Meehan *v.* Williams, 48 Pa. 238. But if the doctrine is applied in this case, the only duty resting upon the vendees in the junior deed was to make inquiry of the person in possession. They proposed to buy from the occupant. She agreed to sell, and to warrant title. She in effect asserted by her offer to sell, and by the deed which she executed, that she was the owner of the land and that she held possession in her own right; and under the authority of *Austin* v. *Southern Home Association,* 122 *Ga.* 439 (4), 445 (50 S. E. 382), further inquiry by the vendees was not demanded. From the foregoing it follows that the judgment overruling the motion for new trial must be

*Reversed. All the Justices concur.*