## WILKINSON v. DIX et al.

1. A senior unrecorded deed loses its priority over a junior recorded deed for value from the same vendor, taken without knowledge or notice of the existence of the senior deed.

(a) Possession of land is notice of whatever right or title the occupant has.

(b) On the question of notice the instructions to the jury were full and accurate; and the evidence did not require a finding that the grantees in the junior recorded deed, at or before the execution and delivery of their deed, had knowledge or notice of the existence of the senior unrecorded deed.

2. Where the defendant in his answer denies the execution and delivery of the plaintiff's deed, evidence is admissible tending to show that the plaintiff's deed is forged and fraudulent, though no affidavit of forgery is filed.

3. Alleged newly discovered evidence which is merely cumulative and impeaching in character is not cause for new trial.

4. The evidence authorized the verdict, and the errors assigned do not show cause for reversal.

No. 2336. June 16, 1921.

Equitable petition. Before Judge Terrell. Troup superior court. November 1, 1920.

*D. J. Gaffney* and *A. H. Thompson,* for plaintiff.

*E. T. Moon* and *W. E. Armistead,* for defendants.

George, J. This was a suit by Hilliard Wilkinson against William Dix and Miles Wilkinson, to cancel a deed. The controversy relates to a tract of land in LaGrange, Troup county, Georgia. The plaintiff and the defendants claim title under Amanda Wilkinson, who, it is admitted, was seized in fee of the premises. The plaintiff's deed was executed on April 7, 1915, but was not recorded until January 9, 1917, after the death of Amanda Wilkinson. The defendants' deed was executed on August 23, 1915, and recorded on August 25, 1915, before the death of Amanda Wilkinson. Both deeds by their terms are deeds of bargain and sale. On a former trial of the case the jury returned a verdict for the plaintiff. The defendants' motion for new trial was overruled, and they excepted. Upon review, the Supreme Court reversed the judgment, the rulings being as follows: "1. A senior unrecorded deed loses its priority over a junior recorded deed for value from the same vendor, taken without knowledge or notice of the existence of the senior deed. To destroy the title of a purchaser for value, acquired by prior registry, it is essential that the purchaser should have notice of a prior sub-

sisting outstanding title. 2. Possession of land is notice of whatever right or title the occupant has; but in addition to other essential elements of possession, it must be present, visible, and open. 3. The possession relied upon in this case to prove notice is held insufficient for that purpose." *Dix* v. *Wilkinson,* 149 *Ga.* 103 (99 S. E. 437), where the facts are more fully reported. The second trial of the case resulted in a verdict for the defendants. The plaintiff's motion for new trial was overruled, and he excepted.

On the trial the grantee in the senior deed relied upon his alleged possession to carry notice to the holders of the junior deed, and also offered evidence tending to show that the grantees in the junior deed had actual knowledge of the prior unrecorded deed at the date of their purchase. The evidence relating to the nature and character of the plaintiff's possession on the date of the execution and delivery of the junior deed is substantially the same as the evidence upon this issue at the former trial. Nevertheless the court instructed the jury as follows: "Possession of land is notice of whatever right or title the occupant has, but such possession must be present, peaceable, open, and notorious. Whatever is sufficient to put a party upon inquiry is good notice of everything to which it is afterwards found that such notice, if diligently prosecuted, might have led." In view of the former ruling in this case (conceding that the evidence on the second trial was sufficient to carry this issue to the jury), the court fairly and accurately submitted the issue to the jury. The verdict was against the plaintiff upon the issue submitted. While there was evidence for the plaintiff on the second trial, tending to show that the grantees in the junior deed had actual knowledge or notice of the existence of the prior unrecorded deed at and before the date of the junior deed, this issue was submitted to the jury under clear and accurate instructions from the court, and the verdict also settled this issue against the plaintiff.

In one ground of the motion for new trial error is assigned upon the admission of evidence tending to show that the plaintiff's deed was a forgery. The witness was permitted to testify that the plaintiff exhibited to him a deed purporting to have been signed by Amanda Wilkinson, and that the names of the subscribing witnesses did not then appear upon the deed. He was further per-

mitted to testify that the plaintiff requested him to sign the deed as a subscribing witness, and offered him an interest in the property to induce him to do so. The objection to this testimony is that no affidavit of forgery had been made and filed in the case, and that the evidence was immaterial and irrelevant to the issues made by the pleadings. The second paragraph of the petition alleged that Amanda Wilkinson executed and delivered to the plaintiff a deed to the property in controversy, on April 7, 1915. In the answer filed by the defendants this allegation is expressly denied. It is settled that the party against whom a registered deed is tendered may attack the deed as a forgery without filing the usual affidavit, but in that case the burden of proof is upon him. *Leverett* v. *Tift,* 6 *Ga. App.* 90 (2), 93 (64 S. E. 317). A deed admissible in evidence by reason of its registry may be attacked as a forgery by any competent evidence. The affidavit of forgery is a cumulative remedy. only. *Sibley* v. *Haslam,* 75 *Ga.* 490. See also *Hansen* v. *Owens,* 132 *Ga.* 648 (6), 653 (64 S. E. 800). Under the pleadings it was competent for the defendants to show that the plaintiff's deed was a forgery.

One of the grounds of the motion for new trial is based upon alleged newly discovered evidence tending to corroborate the plaintiff's theory that the deed was duly executed by Amanda Wilkinson and duly attested at the time of its execution. The alleged newly discovered evidence was manifestly cumulative, in that it tended to show that the deed was executed and attested prior to the time it was exhibited to the witness by the plaintiff, the plaintiff having already introduced witnesses who testified to the fact; and was impeaching it its character, in that it tended to contradict the evidence offered by the defendants for the purpose of showing that the deed was a forgery. Civil Code, § 6086.

The remaining grounds of the motion for new trial, complaining of rulings of the court on the admissibility of evidence, are not such as to require discussion, and do not show cause for reversal. The evidence authorized the verdict.

*Judgment affirmed. All the Justices concur.*