## NICKERSON *v.* PORTER.

No. 13169. FEBRUARY 15, 1940.

*A. G. Smith* and *George W. Willingham,* for plaintiff.

*McElreath, Scott, Duckworth & DuVall,* for defendant.

DUCKWORTH, Justice. Alma Nickerson sued Evelyn Porter, alleging that she is the owner of certain described land by virtue of an unrecorded deed, dated September 17, 1935, from J. C. Goodlett to plaintiff conveying the described land; that the defendant was present when the deed was executed and had personal knowledge of its existence; that the defendant is in possession of the land so conveyed and claims title thereto by virtue of a deed from J. C. Goodlett to defendant, dated October —, 1935, and duly recorded November 2, 1935. The prayers were that title be decreed in the plaintiff, for possession of the land, for mesne profits, for the appointment of a receiver, and for general relief. The defendant's answer denied the material allegations of the petition, but admitted the allegation that she was in possession of the land in dispute under claim of title as described in the petition. Upon the trial of the case the plaintiff introduced evidence that in general supported the material allegations of her petition. The defendant introduced evidence supporting her answer. The evidence was in sharp conflict as to whether the defendant knew of the execution and existence of plaintiff's deed. The defendant testified that her deed was executed in payment of money which she had previously loaned to the grantor, the repayment of which she was demanding when the deed was executed. The trial resulted in a verdict and judgment for the defendant. The plaintiff filed a motion for a new trial, and before the hearing of the motion filed an approved brief of the evidence, an approved transcript of the judge's charge, and an amendment to the original motion. On September 14, 1939, the motion for a new trial was heard and overruled. Thereafter, on October 4, 1939, the plaintiff tendered to the trial judge a document designated by her as a second amendment to the original motion for a new trial, which in fact was a reproduction of the amendment to the motion allowed before the hearing, with language added to each of the grounds for the purpose of perfecting the grounds so that they would constitute legal and proper assignments of error. The trial judge refused to approve and allow this amendment, and the plaintiff excepted, assigning error on the judgment denying her motion for a new trial and upon the ruling disallowing the document offered as a second amendment to the motion for a new trial after the motion had been ruled upon and denied.

■ While the superior court has the power and duty to correct errors and mistakes in the court's records (Code, § 24-104 (6); *Beecher* v. *Carter,* 189 *Ga.* 234, 5 S. E. 2d, 648), yet this authority can not be extended to the point of requiring, or even permitting, the court to allow filed, subsequently to judgment, additional pleadings and record which would materially change the record and pleadings on which the judgment was rendered. In this case the plaintiff raised no question of the validity of the judgment overruling her motion for a new trial, and, without seeking in any manner to vacate that judgment, sought permission to file additional grounds to support her motion for a new trial. While it is true that in the assignment of error in the bill of exceptions she states that she sought permission to file the second amendment to her motion and to reargue the same, this language can not be construed to mean that an attack was made upon the judgment or that any reason was given why the judgment was invalid and should be vacated. Accordingly, it was not error for the judge to disallow the filing of the second amendment some weeks subsequently to the judgment overruling and denying the motion for a new trial.

■ The Code, § 81-1101, provides, that in the trial of a case either party or his counsel may make written requests to charge, and although this section provides in the first instance that such requests may be made at any time before the jury retires to consider of their verdict and at another point provides that such requests may be made at any time before the charge begins, and thus is ambiguous as to whether the requests must come before the charge is begun or before the jury retires, it leaves no doubt that in any event such requests must be submitted before the jury retires. For the purposes of this case it is not necessary to decide the ambiguity contained in the section. However, we think that a proper construction of the section as a whole would require a ruling that if the written request is submitted at any time before the jury retires to make their verdict, it meets the requirement of the statute as to time, notwithstanding the ruling made in *Investors Syndicate* v. *Thompson,* 172 *Ga.* 203 (2) (158 S. E. 20), to the effect that the request must be made before the commencement of the charge to the jury. See *Brooks* v. *State,* 96 *Ga.* 353 (4) (23 S. E. 413); *Dickey* v. *Grice,* 110 *Ga.* 315 (2) (35 S. E. 291); *Byfield* v. *Candler,* 33 *Ga. App.* 275 (125 S. E. 905). An

assignment of error on the refusal of a written request to charge, which fails to show when such request was made, and therefore fails to show that it was made before the time the jury retired to make their verdict, fails to show error.

The amendment to plaintiff's motion for a new trial consists of five special grounds, each assigning error upon the refusal of written requests to charge. Neither of these grounds shows who made the request and neither shows when the request was submitted. These material deficiencies render each of the grounds of the amendment incomplete, and therefore no assignment of error is made in the amendment to the motion for new trial.

■ Although contradicted in many respects by evidence produced by the plaintiff, the evidence introduced by the defendant is sufficient to support the verdict. The Code, § 29-401, declares that "Every deed conveying lands shall be recorded in the office of the clerk of the superior court of the county where the land lies. The record may be made at any time, but such deed loses its priority over a subsequent recorded deed from the same vendor, taken without notice of the existence of the first." This court has held that to give priority to a junior recorded deed over a senior unrecorded deed it must appear that the junior deed was for a valuable consideration and taken without notice of the unrecorded deed. *Coleman* v. *MacLean*, 101 *Ga.* 303 (28 S. E. 861); *Webster* v. *Black*, 142 *Ga.* 806 (83 S. E. 941); *Dix* v. *Wilkinson*, 149 *Ga.* 103 (99 S. E. 437); *Wilkinson* v. *Dix*, 151 *Ga.* 605 (107 S. E. 844); *McDonald* v. *Dabney*, 161 *Ga.* 711 (8) (132 S. E. 547). It is undisputed that plaintiff's deed was unrecorded and that defendant's deed was duly recorded. The evidence was in conflict as to whether the defendant took with notice of plaintiff's deed, and whether defendant's deed was voluntary or for a consideration. This conflict in the evidence was decided by the jury in favor of the defendant. Since there was evidence to support the verdict, the general grounds of the motion for a new trial are without merit. *Judgment affirmed. All the Justices concur.*