## ARCHER *v.* KELLEY.

No. 14076.    APRIL 15, 1942.    REHEARING DENIED MAY 20, JUNE 17, 1942.

*Durwood T. Pye,* for plaintiff.
*Tye, Thomson & Tye,* for defendant.

DUCKWORTH, Justice. ■ The recording statutes of this State clearly define the rights of a grantee under an unrecorded security deed, as related to a bona fide purchaser for value and without notice. The Code, § 29-401, declares: "Every deed conveying lands shall be recorded in the office of the clerk of the superior court of the county where the land lies. The record may be made at any time, but such deed loses its priority over a subsequent recorded deed from the same vendor, taken without notice of the existence of the first." To the same effect, see *Dix* v. *Wilkinson,* 149 *Ga.* 103 (99 S. E. 437); *Wilkinson* v. *Dix,* 151 *Ga.* 605 (107 S. E. 844); *Randall* v. *Hamilton,* 156 *Ga.* 661 (119 S. E. 595); *Terry* v. *Ellis,* 189 *Ga.* 698 (4) (7 S. E. 2d, 282). It is declared in the Code, § 67-1305: "Every deed to secure debt shall be recorded in the county where the land conveyed lies. . . The effect of failure to record such deeds . . shall be the same as is the effect of failure to record a deed of bargain and sale." In § 67-2501 it is provided that such deeds, as against third parties acting in good faith and without notice, shall take effect only from the time they are filed for record. The plaintiff's title is dependent upon his unrecorded deed to secure debt. He is entitled to a reversal of the judgment sustaining the defendant's title, which is dependent upon the quitclaim deed, only in the event that it is held that the plaintiff's deed, earlier in date but unrecorded, has priority over the subsequent recorded quitclaim deed.

At the outset it is necessary to determine whether or not the quitclaim deed entitled the grantee therein to the protection which the law confers upon a bona fide purchaser for value without notice. In Phœnix Title & Trust Co. *v.* Old Dominion Co., 31 Ariz. 324 (253 Pac. 435, 59 A. L. R. 625), the court had under consideration a quitclaim deed which conveyed merely the "right, title, and interest" of the grantor; and in the opinion it was said: "In every case when the question could possibly arise it is not the one who took under the prior unrecorded instrument who was deceived; it is, on the contrary, the subsequent purchaser who has in good faith been diligent, and relied on the records, who has been misled to his injury by the first purchaser, who has neglected the plain warning of the statute. 'Equity favors the diligent, and not those who sleep on their rights.'" At the end of the report of that case in 59 A. L. R. 633, the subject of the protection of a grantee in a

quitclaim deed under recording laws is annotated, and the general rule is stated as follows: "The rule in most jurisdictions is that a recorded quitclaim deed, when taken in good faith for a valuable consideration without notice, will prevail over a prior unrecorded deed." In Moelle v. Sherwood, 148 U. S. 21 (13 Sup. Ct. 426, 37 L. ed. 350), the court had a case on appeal from the district court of Nebraska. The Nebraska recording statute was in material respects the same as that of this State. It provided that deeds should take effect and be enforced from the time of delivery to the register of deeds for record, and not before, as to all creditors and subsequent purchasers in good faith without notice. The quitclaim deed there considered stated that grantors conveyed and quitclaimed all their "right, title, and interest in and to" the premises in controversy. In the opinion the court said: "In many parts of the country a quitclaim or a simple conveyance of the grantor's interest is the common form in which the transfer of real estate is made. A deed in that form is, in such cases, as effectual to divest and transfer a complete title as any other form of conveyance. There is in this country no difference in their efficacy and operative force between conveyances in the form of release and quitclaim and those in the form of grant, bargain, and sale. If the grantor in either case at the time of the execution of his deed possesses any claim to or interest in the property, it passes to the grantee." The opinion goes on to state that in the case of bargain and sale the grantor asserts that he has a claim to or interest in the property, and in the case of a quitclaim he affirms nothing as to his ownership and undertakes only to release any claim or interest which he might have in the premises without asserting his ownership of either, and that in either case if the grantee takes the deed with notice of outstanding conveyances of the premises he takes subject thereto. Then it is said: "But in either case if the grantee takes the deed without notice of such outstanding conveyance or obligation respecting the property, or notice of facts which, if followed up, would lead to a knowledge of such outstanding conveyance or equity, he is entitled to protection as a bona fide purchaser, upon showing that the consideration stipulated has been paid and that such consideration was a fair price for the claim or interest designated."

This court passed upon a similar question in *Marshall* v. *Pierce,*

136 *Ga.* 543 (4) (71 S. E. 893). The exception there was to a charge that "Where the defendants rely upon a quitclaim deed as title, the presumption of good faith applicable to a warranty title does not arise, but the presumption is that they knew they were getting only what they actually got; and it is, under such circumstances, incumbent upon the defendants to show by proof that they bought in good faith, believing that they were getting a good title." The petition in that case alleged as a basis of recovery that a married woman conveyed the premises in dispute to defendant Marshall to secure a debt of her husband, and that Marshall conveyed the land by quitclaim deed to Gorman and Huggins, who had notice of the facts and circumstances under which Marshall acquired title. A verdict in favor of the plaintiff was rendered, and the defendants excepted to a refusal to set aside the verdict on motion. In holding that the instruction excepted to was error, this court said: "In such cases the burden is on the purchaser to show that he is a purchaser for value; and when this is made to appear, and no circumstances are developed tending to put him on notice of the plaintiffs' equity, the burden is shifted to the plaintiffs to bring home notice of their equity to the purchaser. *Williams* v. *Smith,* 128 *Ga.* 306 (57 S. E. 801)." It follows from the authorities cited that a purchaser who takes a quitclaim deed without notice and for value is entitled to the protection which the law affords a bona fide purchaser for value and without notice. His right to the protection is the same whether the deed which he accepts is a warranty deed conveying the property itself or a quitclaim conveying the interest of grantor in the described property. The plaintiff relies on *White* v. *Stewart,* 131 *Ga.* 460 (2) (62 S. E. 590), to support his contention that since the quitclaim deed here involved conveyed only the rights, title, and interests of the maker in the premises, instead of conveying the land itself, the grantee could receive no greater interest in the land by virtue of that deed than the maker had at the time it was executed; and that since the maker had divested herself of the interest represented by plaintiff's unrecorded security deed prior thereto, the interest so represented by that deed did not and could not pass under the quitclaim deed. The decision relied on involved a construction of the warranty clause contained in the deed there involved, and it was held that the warranty clause applied only to the particular property con-

veyed, and that since the deed expressly conveyed the title and interest of the grantor in the land, instead of conveying the land itself, the warranty clause was applicable only to such interest and title, and was inapplicable to the land itself. The ruling we now make is not in conflict with that decision; for obviously the grantor in that deed warranted no more than the property conveyed. Another case relied upon by plaintiff is *McDonald* v. *Dabney,* 161 *Ga.* 711 (132 S. E. 547). There the deed conveyed all rights, title, and interest of the grantor, and contained a subsequent clause to the effect that it was intended that the rights of grantor obtained from a named party be conveyed; and this court held that the property conveyed was not limited to the specific interest referred to, but that the deed conveyed all interests which the grantor had in the described premises. The specific interest was embraced in the granting clause which conveyed all interests. That decision has no application in the present case.

■ The record in this case raises a question as to whether Security Mortgage Company or Long Realty Company was the purchaser under the quitclaim deed from Mrs. McAdams. In order to sustain the judgment the evidence must demand a finding that the purchaser under that deed was a bona fide purchaser for value and without notice. To do this it is essential that the purchaser be definitely identified, and hence the necessity of deciding which of the named corporations was the purchaser under that deed. Counsel for the plaintiff in error has strongly insisted that Long Realty Company, the named grantee in the deed, was the purchaser, but that it was not such a purchaser for value since it paid no part of the consideration. The deed names Long Realty Company as the sole grantee, and there is nothing in the deed to indicate that any other party has any interest in the land. The undisputed evidence shows that the true consideration for the deed was the satisfaction of the debt held by Security Mortgage Company against both the property and the grantor, Mrs. McAdams. It is shown that Long Realty Company, at the time the deed was executed, promised and obligated itself to the grantor to have the debt satisfied and surrendered, and that Long Realty Company subsequently, but before plaintiff's security deed was recorded and without notice thereof, discharged this obligation by having the debt surrendered and satisfied. There is in this record a security deed conveying the prop-

erty involved from Long Realty Company to Security Mortgage Company, purporting to secure a debt of $4200, and the defendant's plea asserts that this conveyance was the price paid by Long Realty Company to Security Mortgage Company for the satisfaction of its debt. A careful examination of all of the evidence produced upon the trial discloses that no attempt was made to prove this portion of the defendant's plea, and that no explanation as to the purpose of this deed was attempted. Therefore we put aside as wholly irrelevant to the present consideration that deed and that portion of the defendant's plea.

The evidence shows that Security Mortgage Company procured the charter of Long Realty Company, owns most of its capital stock, and, where to avoid foreclosures title to the property has been taken in settlement, has pursued a policy of having that title placed in Long Realty Company. The deed to Long Realty Company in the present case was made to effectuate such a settlement. These facts would indicate that Security Mortgage Company was the owner. *Pearson* v. *Courson,* 129 *Ga.* 656 (59 S. E. 907). However, there is no evidence in this record to indicate that it was the intention of the two corporations that Long Realty Company was to hold the present property in trust for Security Mortgage Company. Indeed, any such agreement would constitute an express trust, which under the law must be in writing. Code, § 108-105; *Smith* v. *Peacock,* 114 *Ga.* 691 (3) (40 S. E. 757, 88 Am. St. R. 53) ; *Cassels* v. *Finn,* 122 *Ga.* 33 (49 S. E. 749, 68 L. R. A. 80, 106 Am. St. R. 91, 2 Ann. Cas. 554) ; *Wilder* v. *Wilder,* 138 *Ga.* 573 (2) (75 S. E. 654). A trust may be implied when legal title is in one person, but the beneficial interest, either from the payment of the purchase-money or other circumstances, is wholly or partially in another. Code, § 108-106; *Holmes* v. *Holmes,* 106 *Ga.* 858 (33 S. E. 216) ; *Wilder* v. *Wilder,* supra; *Parlin* v. *McClure,* 169 *Ga.* 576 (150 S. E. 835). If it be conceded that Security Mortgage Company paid the purchase-money, an implied trust was not shown in the present case, since the consideration was supplied a number of months after the execution of the quitclaim deed. *Hall* v. *Edwards,* 140 *Ga.* 765 (3) (79 S. E. 852) ; *Houston* v. *Farley,* 146 *Ga.* 822 (92 S. E. 635) ; *Gales* v. *Stokeley,* 151 *Ga.* 718 (108 S. E. 34) ; *Tanner* v. *Hinson,* 155 *Ga.* 838 (118 S. E. 680) ; *Berry* v. *Brunson,* 166 *Ga.* 523 (143 S. E. 761). In addition to the fore-

going legal reasons why a trust in favor of Security Mortgage Company in the present property did not exist, the only evidence indicative of the intention of the parties refutes any idea of such a trust. Long Realty Company executed to Security Mortgage Company a deed conveying the property in question, to secure an indebtedness, and by that deed retained an equity of redemption. Long Realty Company subsequently conveyed in its own name the property involved to the present defendant. Therefore any question of a trust relationship between the two corporations is out of the case.

Counsel for the plaintiff correctly asserts that the defense of bona fide purchaser is available only to that person who can comply with the necessary requirements, to wit: (1) legal title; (2) actual payment of the purchase-price; (3) bona fide sale and purchase; and (4) lack of notice. As relates to Long Realty Company the requirements of legal title, lack of notice, and bona fide sale and purchase are established by the evidence beyond successful challenge. The only remaining essential requirement, that of actual payment of the purchase-price, is vigorously challenged by plaintiff's counsel. It is admitted that the purchase-price agreed upon was the satisfaction of the debt held by Security Mortgage Company, and that this price was paid by Long Realty Company pursuant to its promise. But at this point it is argued at length that since the witness Cody testified that he did not think Long Realty Company paid Security Mortgage Company anything to obtain the surrender and satisfaction of the debt, it follows that Long Realty Company is not a purchaser for value, because it paid nothing for the deed. In the first place, the testimony of Cody does not authorize the conclusion that nothing was paid to Security Mortgage Company. But regardless of this question, and if it be conceded that Long Realty Company in fact paid nothing to Security Mortgage Company, it does not follow that Long Realty Company was not a purchaser for value. It matters not from whom the consideration flows; for if the grantee secures its payment and the grantor accepts it, the grantee is a purchaser for value. Code, § 20-306; *Hawkins* v. *Central of Georgia Railway Co.*, 119 *Ga.* 159 (5, 6) (46 S. E. 82); *Sheppard* v. *Bridges*, 137 *Ga.* 615 (74 S. E. 245); *First National Bank & Trust Co.* v. *Roberts*, 187 *Ga.* 472 (1 S. E. 2d, 12). It is no legitimate concern of

the plaintiff whether the consideration, which admittedly was adequate and which admittedly has been paid, was supplied by the grantee at a considerable cost to it or was donated to it by a friend without cost. The inquiry on this point need go no further than to disclose that the grantee obligated itself to supply a consideration which was valuable and adequate, and that the grantee did in fact discharge that obligation by supplying the consideration promised. The private dealing of the grantee with Security Mortgage Company by which the grantee secured the payment of the consideration is a matter not open to consideration in this case.

The evidence shows that at the time the quitclaim deed was taken by Long Realty Company an examination of the deed records was made, and that the plaintiff's security deed was not recorded. The evidence further shows that Long Realty Company had no notice of the existence of the security deed. Although the quitclaim deed to Long Realty Company recites a consideration of $10, the evidence shows that the true consideration was the surrender and cancellation of the debt held by Security Mortgage Company and secured by lien upon the premises conveyed, which debt had previously been assumed by Mrs. McAdams. That debt was not surrendered and canceled when the quitclaim deed was executed; but some months thereafter, and pursuant to the agreement made at the time the deed was executed, the debt was surrendered and satisfied as agreed upon. In *Waters* v. *Wells*, 155 *Ga.* 439 (117 S. E. 322), it was held that services rendered eight or nine years after the deed was executed would not constitute valuable consideration for the deed, *unless there was a contract to that effect.* In the present case there was a contract to that effect, and the satisfaction of the debt was made pursuant to the terms of the contract. To be a bona fide purchaser one must be so at the time the purchase is made, and continue to be such until the consideration has been paid. *Phinizy* v. *Few*, 19 *Ga.* 66; *Mackey* v. *Bowles*, 98 *Ga.* 730 (2) (25 S. E. 834); *Donalson* v. *Thomason*, 137 *Ga.* 848 (4) (74 S. E. 762). The security deed of the plaintiff was unrecorded when the quitclaim deed to Long Realty Company was executed, and it remained unrecorded at the time the consideration therefor was paid. The plaintiff's security deed under the circumstances is by law rendered ineffectual as to Long Realty Company and its grantee, the defendant.

■ A further argument advanced by plaintiff's counsel is that a ruling to the effect that a bona fide purchaser under the quitclaim deed obtained thereunder an interest in the premises which is represented by the security deed of the plaintiff would be to impute wrong to the grantor, Mrs. McAdams, and would give a meaning to the quitclaim deed which its language does not mean and does not authorize. This argument disregards the plain purpose and meaning of the recording statutes above cited. The motive or intention of the grantor is not the thing which the recording statute seeks to protect against. Indeed it is immaterial under the statute what the motive of the grantor is. The purpose of the recording statute is to protect against the negligent. It is by that statute made the plain duty of a grantee to record his deed, thereby giving constructive notice to every one of its existence and of his rights thereunder; and since it is thus made the duty of such grantee to supply notice, every one is justified in relying upon an examination of the record and believing that a purchase of land will convey all title which the record fails to disclose is in another. As a means of implementing this protection the statute provides that the negligent failure to record renders the unrecorded deed ineffectual as against bona fide purchasers for value and without notice. To sustain the plaintiff's argument would nullify the recording statute, since the innocent purchaser would thereby be limited to such title as the grantor retained after having executed the unrecorded deed. The grantee in the unrecorded deed, by disregarding the law, has deceived the innocent purchaser into believing that the grantor owned the interest in the land represented by the unrecorded deed, and the statute merely protects such innocent purchaser by giving him the property free from the interest represented by the unrecorded deed. This simply protects such purchaser against loss. He has paid for all the interest which the law gives him, and his protection is effectuated at the expense of the negligent holder of the unrecorded deed. No illumination of this actual result under the law is afforded by a discussion as to whether this is an estoppel or vesting of title by operation of law.

■ Under the rulings above made, the verdict in favor of the defendant was demanded, even when full consideration is given to plaintiff's security deed and notes. Therefore if the ruling exclud-

ing these documents from the evidence was error, it resulted in no harm to plaintiff, and the exception to that ruling does not require a reversal.    *Judgment affirmed.   All the Justices concur.*