WOODRUFF v. THE STATE.

DUCKWORTH, Presiding Justice. 1. The evidence supported the verdict, and the general grounds of the motion for new trial are without merit.

2. The first special ground complains of an excerpt from the charge of the court that the jury may consider flight "and similar acts" if proved, from which an inference of guilt may be drawn, but that flight is subject to explanation, and it is for the jury to decide whether or not they would draw the inference of consciousness of guilt, the complaint being that the inclusion of the words, "and similar acts," without an instruction to the jury as to what specific similar acts they were allowed to consider, was harmful and prejudicial. There is no merit in this complaint. *Mack* v. *State,* 63 *Ga.* 693, 696; *Findley* v. *State,* 125 *Ga.* 579 (4) (54 S. E. 106); 2 Wigmore on Evidence (3rd ed.), p. 111, § 276. Nor was the further criticism that the court failed to fully instruct the jury

as to the weight to be given the explanation by the defendant, meritorious.

3. The second special ground excepts to the charge on implied malice, upon the ground that it was inapplicable, since there was no evidence showing provocation and the circumstances did not show an abandoned and malignant heart. The third special ground complains of the charge that, where the defendant admits the killing, the burden is upon him to show justification unless it is shown by the State's evidence, upon the ground that it was inapplicable since the evidence shows mitigation. The fourth special ground excepts to the charge that, if the defendant did the killing in the manner alleged in the indictment, and at the time of the killing he was not threatened with serious bodily injury from the deceased, and the surrounding circumstances were not such as to justify him in believing that he was in such danger, but that he killed intentionally with malice aforethought and without justification, the jury would be authorized to find him guilty of murder, upon the ground that the charge was inapplicable, since there was no evidence showing mutual combat or that the deceased was about to commit a serious personal injury upon the defendant, and that it placed a greater burden upon the defendant than the law required of him. All of these special grounds are without merit.

4. The fifth special ground excepts to the failure to charge without request "on the law of manslaughter." Special grounds six and seven complain of the refusal of written requests to charge on manslaughter, but fail to show that such requests were made before the jury retired. These grounds are without merit, the first because too indefinite (*Norris* v. *State,* 184 *Ga.* 397, 191 S. E. 375); and the other two because it does not appear that they were submitted within the time required by law. Code, §§ 70-207, 81-1101; *Nickerson* v. *Porter,* 189 *Ga.* 671 (7 S. E. 2d, 231); *Rogers* v. *Manning,* 200 *Ga.* 844 (38 S. E. 2d, 724). *Moreover,* the evidence did not authorize a charge on manslaughter.

5. The remaining special ground complains because the jury was confined in a room where telephone communication was available to the jurors between and with parties interested in the case, and it is asserted that the said "communication" was harmful and prejudicial to the defendant. There is no merit in this ground.

*Judgment affirmed. All the Justices concur, except Bell, Justice, absent on account of illness.*

No. 16202. JULY 14, 1948.

24

*Charles Ray Cambron,* for plaintiff in error.

*Eugene Cook, Attorney General, J. R. Walker, Solicitor-General,* and *Mary B. Rogers,* contra.