MICHAEL et al., executors, v. Poss.

DUCKWORTH, Chief Justice. The exception here is to a judgment overruling a general demurrer to a petition to enjoin the sale or advertising for sale of a certain described tract of land under the authority of an unrecorded security deed, the petitioner alleging that he was a bona fide purchaser for value without notice of defect of title, and the sole heir at law of the grantor of the security deed having applied for and been granted by the court of ordinary a citation that no administration of the estate was necessary, said application having been duly advertised with notice to all creditors and none having appeared. Held:

1. A junior deed, properly recorded, taken without notice of an unrecorded senior deed from the same vendor and for a valuable consideration, has priority over such unrecorded senior deed. Code, § 29-401; Nickerson v. Porter, 189 Ga. 671 (3) (7 S. E. 2d, 231); Terry v. Ellis, 189 Ga. 698 (7 S. E. 2d, 282); Archer v. Kelley, 194 Ga. 117, 120 (21 S. E. 2d, 51); Patellis v. Tanner, 199 Ga. 304 (34 S. E. 2d, 84).

2. All innocent persons, acting in good faith and without actual notice, who purchase for value property from heirs at law of deceased persons, holding said property by will or inheritance, shall be protected in the purchase thereof against unrecorded liens or conveyances created or executed by the deceased upon or to said property in like manner and to the same extent as if the property had been purchased from the deceased person. Code, § 67-2502.

3. Property that is sold or encumbered by heirs at law of a deceased owner, a citation having been issued by the ordinary that no administration is necessary, to a purchaser or lender who acts in good faith in reliance upon such order, shall be discharged from all claims, debts, and rights of creditors except those duly recorded or filed for record in the manner required by law. Code (Ann. Supp.), § 113-1236 (Ga. L. 1945, pp. 167, 169).

4. While the sale by the heir here was prior to the order of the ordinary that no administration was necessary, nevertheless, the conveyance resulted in the property receiving the same protection under Code (Ann. Supp.), § 113-1236 as if the sale had been after the issuance of the citation, said application having been duly advertised with notice to all creditors and none having appeared. Equity favors the diligent and not those who sleep on their rights, and the purchaser here should not suffer for the neglect of the holder of the security deed in failing (1) to record it, or (2) to properly press his claim with the ordinary after notice of the application. The court did not err in overruling the demurrer to the petition.

Judgment affirmed. All the Justices concur, except Atkinson, P. J., not participating.

No. 18042. ARGUED JANUARY 12, 1953—DECIDED FEBRUARY 24, 1953— REHEARING DENIED MARCH 10, 1953.

O. J. Tolnas, for plaintiffs in error.
Grady C. Pittard, contra.