### In the Matter of Douglas W. OESTERLE, Bankrupt.

**Robert A. SCHATZMAN, as Trustee in Bankruptcy of Douglas W. Oesterle, Bankrupt, Plaintiff,**

v.

**Harriet E. CAMPO, Defendant.**

Bankruptcy No. 78–1091–BK–NCR–B. Adv. No. 5.

United States Bankruptcy Court, S. D. Florida.

Dec. 28, 1979.

John W. Fowler, Miami, Fla., for defendant.

Robert A. Schatzman, Miami, Fla., for trustee.

## FINDINGS AND CONCLUSIONS

THOMAS C. BRITTON, Bankruptcy Judge.

This adversary complaint seeks to set aside the bankrupt's transfer to his mother on May 24, 1973 of his half interest in eight parcels of land in Georgia. The trustee is proceeding under § 67d(2)(a) of the Act (11 U.S.C. § 107). (C.P. No. 1) Defendant has answered. (C.P. No. 5) The trial, which was continued from November 29 on defendant's motion, was held on December 20, 1979. This order is a memorandum of decision under B.R. 752(a).

Defendant's motion to quash service, incorporated with her answer, was heard on November 29, 1979 and was denied at that hearing. (C.P. No. 7)

The parties stipulated that the record for this matter consists of the B.R. 205 examination of the bankrupt, taken on March 16, 1979 (C.P. No. 33), pp. 33 to 46; the bankrupt's petition and schedules (C.P. No. 1) as amended; the additional facts set forth in Mr. Fowler's letter of December 10, 1979 to Mr. Schatzman; and the deed of transfer (Exhibit No. 1).

The facts are simple and uncontroverted. In 1968 the bankrupt's mother, who was seriously ill, deeded her half interest in the eight lots, which are here in question in contemplation of death. That deed was duly recorded. The mother recovered. On May 24, 1973, the bankrupt deeded the property back to his mother without consideration. His deed was not recorded until September 28, 1978, two days after his bankruptcy petition was filed. The bankruptcy schedules reflect liabilities of over $16 million against assets of $47 as of September 26, 1978, the date the petition was filed.

A transfer is fraudulent and, therefore, voidable under § 67d(2)(a) if (1) made within one year before bankruptcy, (2) without fair consideration, (3) by a debtor who is insolvent. *Collier on Bankruptcy* (14th ed.) ¶ 67.34.

Under Georgia law, a conveyance is not perfected until recorded. Georgia Statutes § 29–401; *Michael, et al. v. Poss*, 1953, 209 Ga. 559, 74 S.E.2d 742. Georgia law is, of course, controlling upon this point. *Collier on Bankruptcy* (14th ed.) ¶ 67.40, n. 8. The Bankruptcy Act provides that for the purposes of § 67, a transfer is not deemed to have occurred until it is so far perfected that a bona fide purchaser for value could not acquire title, and if that has not occurred before bankruptcy, the transfer is deemed to have occurred immediately before bankruptcy. Section 67d(5). It follows that this transfer must be deemed to have been made within one year before bankruptcy.

"Fair" consideration is defined for the purposes of § 67 in § 67d(1)(e). No consideration was given by the defendant grantee in this instance and the circumstances under which the bankrupt had received the property from his mother do not constitute consideration. *Collier on Bankruptcy* (14th ed.) ¶ 67.33.

The debtor was clearly insolvent at the time this transfer must be deemed to have been made.

The trustee has, therefore, established that the bankrupt's conveyance to the defendant, dated May 24, 1973 and recorded in Book No. 63 at pages 219–221 of the public records of Towns County, Georgia, is fraudulent under the provisions of § 67d(2)(a) of the Bankruptcy Act and is void and of no effect. As is required by B.R. 921(a), a separate judgment so providing will be entered. Costs will be taxed on motion.